ANNIE COLEMAN *vs.* FRANCIS E. PARKER.

The taking the key of a trunk from the place where it is kept, and the putting goods into the trunk and the returning the key to its place, at the request of the owner in his last sickness, apprehending death and expressing the desire to make a gift of the trunk and contents *mortis causâ*, is not a delivery sufficient for that purpose.

CONTRACT, with a count in tort for the same cause of action, to recover a portion of the contents of a trunk, once the property of Sarah Craig, deceased. The plaintiff claimed the property as a gift *mortis causâ* from the deceased; the defendant claimed it as administrator of the deceased.

At the trial in the Superior Court, before *Lord*, J., there was evidence that the plaintiff and the deceased had been intimately acquainted with each other for upwards of twenty years; that they had come to Boston together from Philadelphia, in 1852; that they had lived out as domestic servants; that the deceased had, on several occasions, promised the plaintiff to leave all her property to her; that on one occasion, when the plaintiff desired to return to Philadelphia, the deceased dissuaded her from so doing, telling the plaintiff she had better remain in Boston; that if she did, she would leave her what property she owned when she died, and that it was worth having. There was also evidence that the deceased left no relative or heir, and had come originally from Virginia, where she was a slave. The plaintiff testified that she had a knowledge of the character of the deceased's property at the time when the promises that she should have it were made.

Louisa Dortra, a witness for the plaintiff, testified: "Mrs. Craig died in July, 1871. She was living at that time as a domestic in the family of Mr. Sprague, and I was living as a domestic in the same family, and occupied the same room with Mrs.

**Craig.** She died at half-past eight in the evening. Between ten and eleven o'clock in the morning of the same day, I went into the room where Mrs. Craig was, and she asked me to take some dresses out of the closet and put them in her trunk, and then she told me to lock the trunk and put the key in the drawer of a washstand that she used. At the same time she told me she wanted Mrs. Coleman to have the trunk if she died, and wanted me to see that she got it. Then she took a watch, that she had in a basket by the side of her bed, handed it to me and said if she should die she wanted me to have that watch. I took the watch then and secured it in my trunk. All this was after the two dresses were taken down and put into the trunk. This is all. I got the key out of the drawer of the washstand to put the dresses in. She told me to unlock the trunk and put in the dresses. The key was on a bunch with other keys. There was nothing more said about the watch or the trunk after that. I think this took place on a Wednesday, and she had been sick since the Sunday before. I judged she was about seventy years old. The trunk was in the room that we occupied together. Nothing was taken out of it or put into it after I put the dresses in, until after Mrs. Craig died." On cross-examination she testified : " The trunk was setting in her room where she died ; it had always been there ; this conversation was about half-past ten in the morning ; she did not speak much after that ; I was not in the room with her all the time till she died, but went in and out of the room ; no one else was with her ; I supposed her to be near death ; she did not have the doctor until evening ; I think I went to Mr. Sprague in the evening after he got home, and asked him to send for the doctor ; I knew her clothes and bank books were in the trunk ; I saw them when I put the dresses in ; I gave the trunk to Mrs. Coleman a few days after Mrs. Craig was buried, with everything else of hers in the room. The key remained in the washstand until after her death ; she had other property ; I don't know what the other keys were keys of ; I was not personally acquainted with Mrs. Coleman ; I had often heard Mrs. Craig speak of her ; heard her say she and Mrs. Coleman had come here together from Philadelphia."

The plaintiff offered to prove as a fact, that the witness Dortra, at the time when the deceased told her she wished Mrs. Coleman to have the trunk if she died, understood that the trunk was in the witness's possession, for Mrs. Coleman if Mrs. Craig should die, and for Mrs. Craig if she should not die, but the presiding judge excluded it.

It appeared that after the death of Mrs. Craig and before the delivery of the trunk to Mrs. Coleman, the trunk was opened by Louisa Dortra, for the purpose of taking out some clothes to dress the deceased in ; that she took such clothes out, and the property in controversy was then taken out by another person present and given to Mr. Sprague for safe keeping, and afterwards came into possession of the defendant as Mrs. Craig's administrator, and was duly demanded of him by the plaintiff before this action was brought. Nothing else was taken from or put into the trunk, after it was locked by direction of Mrs. Craig, as testified to by the witness Dortra, and before it was delivered with the rest of its contents to the plaintiff.

Upon the foregoing evidence the presiding judge ruled, that there was no evidence of any delivery of the trunk and its contents to the plaintiff, or to Louisa Dortra for the plaintiff by the deceased, to go to the jury, and directed the jury to return a verdict for the defendant, which was rendered accordingly ; and the plaintiff alleged exceptions.

*L. S. Dabney*, for the plaintiff.

*C. A. Welch*, for the defendant.

AMES, J. The only question raised upon this bill of exceptions is as to the correctness of the ruling at the trial, that the case furnishes no evidence of any delivery of the trunk and its contents to the plaintiff, or to any one on her behalf. The evidence reported was sufficient to make out all the other elements necessary to maintain her title. But it is not enough merely to show that the dying person intended to make the gift, and that she designated with proper distinctness what was to be given and to whom. It is necessary also to the plaintiff's case to show that the intention was carried into effect, and that the gift was consummated by an actual or effective delivery. *Parish* v. *Stone*, 14

Pick. 198. This term " delivery " is not to be taken in such a narrow sense as to import that the chattel or property is to go literally into the hands of the recipient and to be carried away. There are many articles which might be made the subjects of a donation *mortis causâ*, in which a manual delivery of that kind might be inconvenient or impracticable. We have no doubt that a trunk with its contents might be effectually given and delivered, in such a case, by a delivery of the key, not as a symbolical delivery of the property, but because it is the means of obtaining possession. *Ward* v. *Turner*, 2 Ves. Sen. 431, 443. If the key in this case had been placed in the hands of the witness, the donor relinquishing all dominion and control over it, and parting with it absolutely, or if by direction of the donor the witness had taken it into her possession and exclusive control, there would have been a sufficient delivery to make out a full title in the plaintiff. *Wing* v. *Merchant*, 57 Maine, 383. *Dole* v. *Lincoln*, 31 Maine, 422. But the evidence reported wholly fails to show that the witness had or was intended to have any such exclusive control or possession of the key. On the contrary, the evidence is that after putting some dresses into the trunk, she was directed by the sick woman to lock the trunk and put the key back where she found it, and that it remained there until after the death of the sick woman. There was therefore no such change in the possession of the key as would constitute an effectual delivery of the trunk. *Bunn* v. *Markham*, 7 Taunt. 224.

We must hold for these reasons that, even upon the assumption that the witness might be considered as the agent and representative of the plaintiff, there was no evidence of delivery to her.

*Exceptions overruled.*