ELIZABETH H. REED *vs.* GEORGE M. REED & others.

Upon an appeal from the decision of a single justice, when a suit in equity is heard by the full court upon a report of the evidence given at the original hearing, the decision cf the court below will not be reversed as to matters of fact, unless it clearly appears to be erroneous.

GRAY, C. J. This is a bill in equity to set aside a conveyance by the plaintiff of her real and personal property, as having been obtained by fraud, false representations and undue influence. The cause was fully heard upon bill, answer and general replication, and upon the evidence, mostly oral, taken by a commissioner appointed for the purpose, before a justice of this court, who entered a decree for the plaintiff. The defendants appealed to the full court.

Before the St. of 1859, *c.* 237, the decision of a single justice of this court upon questions of fact was final, in suits in equity, as in other cases. Rev. Sts. *c.* 81, § 12. *Parker* v. *May*, 5 Cush. 336, 356. That statute authorized appeals to the full court from all decrees in equity of a single justice, and provided that the oral evidence taken before him should be reported to the full court, and that the cause should be heard here on the same evidence exhibited at the original hearing, unless, in special cases of accident or mistake, the full court should grant leave to exhibit further evidence. And those provisions are reënacted in the Gen. Sts. *c.* 113, §§ 8–11, 21. The practice in equity in this Commonwealth has been thus assimilated to that of courts of chancery elsewhere. *Eden* v. *Bute*, 1 Bro. P. C. (2d ed.) 465. *Attwood* v. *Small*, 6 Cl. & Fin. 232, 302, 304. *Conn* v. *Penn*, 5 Wheat. 424. *Boone* v. *Chiles*, 10 Pet. 177, 208. *Russell* v. *Southard*, 12 How. 139, 159. *Mitchell* v. *Lenox*, 14 Wend. 662. *Wendell* v. *Lewis*, 6 Paige, 233.

Whenever a cause is heard on appeal on the same evidence that was introduced at the original hearing, great weight is to be allowed to the decision of the court below, and the original decree is not to be reversed in matter of fact, unless it clearly appears to the appellate court to be erroneous. The presumption in favor of

the correctness of the decree appealed from is peculiarly strong, where, as in this Commonwealth, the evidence in proceedings in equity is taken in the same manner as in suits at law, (unless the court for special reasons otherwise directs,) and the judge who hears the testimony from the mouths of the witnesses, and can observe their conduct and demeanor, has better means of weighing the credibility of their conflicting statements than the full court can possibly have upon the printed record of their testimony. Gen. Sts. *c.* 131, § 60. *Lloyd* v. *Trimleston*, 2 Molloy, 81. *The Alice*, Law Rep. 2 P. C. 245. *United States* v. *Casks of Sugar*, 8 Pet. 277. *Taylor* v. *Harwood*, Taney, 437, 446.

The decision of the present case turns mainly upon the comparative weight to be given to the testimony of the respective parties, who were examined in person at the original hearing; and upon a careful examination of the whole evidence, we see no reason to reverse the decree. In cases of this kind, which depend upon their own peculiar circumstances, and can be of no value as precedents, it is not the practice of the court to discuss the evidence in detail in the opinion. *Mann* v. *Rock Island Bank*, 11 Wall. 650. *Emery* v. *Parrott*, 107 Mass. 95. *Ward* v. *Salem Street Railway*, 108 Mass. 332.    *Decree affirmed.*

*G. A. Somerby & T. S. Dame*, for the defendants.

*P. E. Tucker*, for the plaintiff.