## BOSTON MUSIC HALL ASSOCIATION vs. BARNEY CORY & others.

Suffolk. March 17. — Sept. 16, 1880. AMES & LORD, JJ., absent.

A decree of a single justice of this court sitting in equity, in a cause heard before
him on oral evidence, and which is heard in this court on appeal upon a report
of the same evidence only, will not be reversed on a question of fact, unless it
clearly appears to be erroneous.

A sale of stock in a corporation is valid against a subsequent attaching creditor
of the seller, although no transfer of the stock is made on the books of the cor-
poration, in the absence of an express provision of statute, or of the charter of
the corporation, requiring such transfer to be made.

COLT, J. In 1874, Howard L. Hayford sold five shares in the
stock of the Boston Music Hall Association to his brother Na-
than H. Hayford, to whom he delivered a stock certificate, and
upon which he indorsed and signed a written transfer in the
usual form. No transfer was made on the books of the corpora-
tion, and there was no provision in the charter or by-laws of the
association requiring it. It was not until after the shares were
levied on as the property of Howard L., in May 1878, that the
corporation was notified of the alleged sale and transfer to Na-
than H. In the mean time Howard L., with the knowledge of
his brother, collected the annual dividends declared on the stock,
attended meetings of the stockholders, and served upon commit-
tees appointed at such meetings. Under the levy made in 1878,
Barney Cory bought the stock as the property of Howard L.;
and the question presented by this bill of interpleader is, which
of the two acquired the title.

The case comes up on an appeal from the decree of a single
judge in favor of Nathan H. Hayford, accompanied by a report
of the evidence taken at the hearing. In the first place, it is
contended that the evidence fails to show that the stock was

sold and assigned to Nathan H. in good faith at any time before the levy.   Upon this question of fact, the decision of the single judge will not be reversed, unless it clearly appears to be erroneous.   *Reed* v. *Reed*, 114 Mass. 372.   *Montgomery* v. *Pickering*, 116 Mass. 227.

The only evidence of the transaction in 1874 comes from the two Hayfords, who were the parties to it.   But we cannot say that the fact that the apparent ownership remained unchanged for such an unusual length of time upon the books of the corporation, and that Howard L. received the dividends and continued to act as the real owner, is sufficient to lead us to believe that the judge erred in not treating it as sufficient to overcome the positive evidence of a valid sale of the property, coming from the two witnesses who were before him, and of whose truthfulness he had the best opportunity to judge.

In the next place, it is strenuously urged that, by force of the various statutes of this Commonwealth relating to the ownership and transfer of stock in corporations, authorizing the attachment of shares, requiring returns to the Secretary of the Commonwealth, and imposing a personal liability on stockholders for the debts of the corporation, there can be no transfer of stock, valid against the claims of an attaching creditor, unless such transfer be recorded in the books of the corporation.   Gen. Sts. c. 68, §§ 10, 12;  c. 123, §§ 59–61;  c. 133, § 46.   St. 1864, c. 201.   The intention of the Legislature, it is said, must have been to provide for the owners of stock a convenient and uniform method of transferring title on the books of the corporation, which should be the only valid transfer as to creditors, and others interested; and, although the statutes have not provided in express terms that, as to creditors, transfers shall not be valid till they are so recorded, yet such, it is contended, is the necessary implication, for otherwise the design of the statutes, requiring registration and making the shares liable to be taken for debts, would be defeated.   But this consideration is not sufficient to control the law as long since settled by the decisions of this court.   It requires a clear provision of the charter itself, or of some statute, to take from the owner of such property the right to transfer it in accordance with known rules of the common law.   And by those rules the delivering of a stock certificate, with a written

transfer of the same to a *bona fide* purchaser, is a sufficient delivery to transfer the title as against a subsequent attaching creditor. *Sargent* v. *Essex Marine Railway*, 9 Pick. 201. *Sargent* v. *Franklin Ins. Co.* 8 Pick. 90. *Fisher* v. *Essex Bank*, 5 Gray, 373. *Dickinson* v. *Central National Bank, ante*, 279.

It would not be in accordance with sound rules of construction to infer, from the provisions of several different statutes passed for the purpose of obtaining information needed to secure the taxation of such property, or for the purpose of subjecting stockholders to a liability for the debts of a corporation, or for protecting the corporation itself in its dealings with its own stockholders, that the Legislature intended thereby to take from the stockholder his power to transfer his stock in any recognized and lawful mode. If a change in the mode of transfer be desirable, for the protection of creditors, or for any other reason, it is for the Legislature to make it by clear provisions, enacted for that purpose.

We see nothing in the facts which can be held to deprive Nathan H. Hayford of the stock in question, on the ground that he is chargeable with laches in not causing the transfer to be sooner recorded, or that he is now estopped from setting up his title to the shares in his possession. It must be taken, upon the findings of the judge, that Nathan H. bought these shares in good faith in 1874; and that all which the law required was done to vest a perfect title in him, as against an attaching creditor of Howard L. He was under no legal duty to have the transfer recorded in order to perfect his title as against strangers, and he can be charged with no neglect or laches which would involve the forfeiture of his title.

The evidence in the case does not require us, against the findings of the single judge, to find that Nathan H. is estopped to set up his title against a creditor of Howard L. The acts and declarations of the latter, after the sale, would not affect the title, except so far as they were authorized by Nathan H., and there is nothing to show any act or declaration authorized by the latter, with intent to give a false credit to Howard L., or that any creditor of his was in fact defrauded. *Decree affirmed.*

*F. C. Welch*, for the attaching creditor.

*J. P. Treadwell*, for the transferee.