WILLIAM FEARING, 2D, *vs.* MARY E. R. JONES.

Suffolk.   February 4, 1889. — March 1, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Donatio Causa Mortis — Delivery.*

A person whose wife was in an insane asylum, and who had quarrelled with his daughters, said in his room, two days before his death, to the woman with whom he boarded, " I did hope to live to see the end of my wife," to which she replied, " What shall I do if anything happens to you ? " whereupon he said, " Go for C. the undertaker ; have me buried with the money from the Mechanic Association ; and do as you please with what I have." There was no ceremony of delivery of various articles which he had, most of which were in the room and all of them in her house, and she did not touch them until after his death. *Held*, that there were neither words of present gift nor delivery to constitute a *donatio causa mortis.*

BILL IN EQUITY by the administrator of the estate of Perez Cushing, to recover certain personal property of the intestate claimed by the defendant as a gift *mortis causa* from the intestate to her. Trial in the Superior Court, upon issues to a jury, before *Dunbar*, J., who ordered a verdict for the plaintiff; and the defendant alleged exceptions. The material facts are in the opinion.

*W. H. H. Emmons*, for the defendant.

*S. W. Trowbridge*, for the plaintiff.

HOLMES, J.    The evidence relied on to show a *donatio causa mortis* by Cushing to the defendant is as follows.    Cushing boarded with the defendant, his wife was in an insane hospital, and he had quarrelled with his daughters.    Two days before his death, he said to the defendant in his room, " I did hope to live to see the end of my wife."    The defendant replied, " What shall I do if anything happens to you ? "    Cushing said, " Go for Cole, the undertaker; have me buried with the money from the Mechanic Association ; and do as you please with what I have."    There was no ceremony of delivery of any articles. Most of the property was present in Cushing's room, and all of it was in the defendant's house ; but it does not appear that she attempted to intermeddle with it in any way before Cushing's death.

The words used did not purport to make a present gift, but looked only to the future, and to what should be done when Cushing died.    As the language did not express a gift, it could not warrant the inference that there was a delivery without further overt acts on either side, even if such an inference might be drawn from different language, coupled with the ambiguous situation of the property.    See *Waring* v. *Edmonds*, 11 Md. 424; *Cutting* v. *Gilman*, 41 N. H. 147.    There was no other evidence of delivery, as the defendant did not touch the property in Cushing's lifetime.    Both elements of a *donatio causa mortis*, words of present gift and delivery, are wanting.    There is no occasion, therefore, to reconsider, as we are asked to do, the statement in *Marshall* v. *Berry*, 13 Allen, 43, 46, that an attempt to dispose of the donor's whole estate, as distinguished from specific articles capable of passing by delivery, is void.

*Exceptions overruled.*