SARAH A. CHASE *vs.* GEORGE L. HUBBARD & another.

Middlesex. November 19, 20, 1890. — January 10, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Equity Practice — Finding of Single Justice — Fraud and Undue Influence.*

The rule that a decree in equity of a single justice will not be reversed on appeal in matters of fact, unless clearly erroneous, applies when the principal witnesses testify orally before him, although part of the evidence, taken by a commissioner, is read to him, and part is documentary; but is less applicable when all the testimony is taken by a commissioner, or is documentary, or both.

The decree in equity of a single justice, directing the reconveyance by the defendant of real estate, on the ground that it was conveyed to him by his fraud and undue influence practised upon the plaintiff, a widow sixty-six years of age and in feeble health, was *held*, upon a full report of the evidence where the principal witness with others testified orally before him, not only not to be clearly erroneous, but to be justified by the evidence.

MORTON, J. This is a bill in equity against George L. Hubbard and his wife, Jane Hubbard, to set aside a conveyance of real estate made by the plaintiff to the said George L. on the ground that it was procured by fraud and undue influence practised and exercised by said George L. on the plaintiff. The case was heard by a single justice, upon testimony consisting partly of the evidence of witnesses testifying orally in the presence of such justice, partly of the evidence of witnesses taken by a commissioner and afterwards read to the justice, and partly of documentary evidence. A decree was entered in favor of the plaintiff, and the defendants appealed from that decree to the full court, and the testimony has all been reported.

No question of law is presented upon the report, and the general rule in regard to appeals of this nature is that the decree appealed from will not be reversed in matters of fact, unless it

clearly appears to the appellate court to be erroneous. *Reed* v. *Reed*, 114 Mass. 372. *Montgomery* v. *Pickering*, 116 Mass. 227.

Great weight is justly given to the conclusions on questions of fact of the justice who hears the case, for the reason that he has an opportunity to observe the conduct of the witnesses, their fairness and intelligence, and can judge better than the full court possibly can of the degree of credibility to be given to their testimony. If the testimony is taken by a commissioner, or is wholly documentary, or both, the reason of the rule largely disappears. But in the present case the principal witnesses, as the report shows, testified orally in the presence of the single justice, and the general rule therefore applies.

After a careful examination of the testimony, as reported, we not only do not think that the finding of the presiding justice was clearly erroneous, but are of opinion that it was justified by the evidence. The transaction was a peculiar one. The plaintiff was a woman sixty-six years old, and in feeble health. Her husband had died about two and a half years before, leaving her by will unencumbered real estate valued at about $30,000, and renting for about $2,700 per annum. Neither of the defendants was a relation by blood, or a connection by marriage, of the plaintiff or her husband. For a number of years prior to the death of the plaintiff's husband, and for some time after his death, a Mr. Shepard, an attorney and real estate agent in Lowell, collected the rents and attended to the repairs and other matters relating to the real estate, and received the usual commission of five per cent for his services. The plaintiff never met or knew either of the defendants till March or April, 1887, about a year after her husband's death, when the defendant George L. came to her to hire one of her buildings. No letting then took place, but in the following June he hired, through Mr. Shepard, a building in Lowell, afterwards known as the Hubbard House, paying $60 per month rent. The plaintiff continued, after the hiring, to occupy two rooms in this building, as she had done previously, and the defendant George L. assumed the care of her, and she took her meals at a restaurant kept by him on the premises. By degrees, the care and management of her property passed from Mr. Shepard's hands into those of George L., till, in April, 1888, about a year after she first saw him, he had the entire control and man-

agement of her estate, receiving, as he testified, his own rent, or
$720 per annum, as compensation therefor. In the mean time,
in January, 1888, the plaintiff made a will in favor of George L.,
in which she gave him the whole of her property, and named him
as her executor, without sureties to his bond. At the time when
this will was executed she was confined to her bed, and so feeble,
as she testified, that some one had to guide her hand as she made
her signature to the will. The will was drawn by counsel pro-
cured by George L. The witnesses were one Wheeler, a bar-
tender of George L., a doctor procured by George L. to attend
the plaintiff, and the lawyer who wrote it. It was written and
executed at night, and the fact of its execution was kept secret
by the plaintiff, at the request, as she testified, of George L. The
will remained in his possession, and when she asked him for it,
he said, as she testified, that he had burned it. At the trial he
was asked to produce it, and did so, but declined to give it to her,
except after a consultation with his counsel. A few months after
the making of the will, in August of the same year, the plaintiff
made a deed of all her real estate to George L. At the same
time he conveyed back to her a life estate in it, with the express
condition that she should pay the taxes, and keep the property
insured and in good repair. These deeds were drawn by the
same attorney who wrote the will, and the plaintiff was taken by
George L. to his office. In addition to the deed and the will, it
appeared that the plaintiff, at the time when the will was exe-
cuted, gave to him, as he claimed, upwards of $800 which she
had deposited in a savings bank, and at another time gave him
$200; that she agreed to pay between $500 and $600 towards
fitting up a bar for him in the Hubbard House, and $100 towards
his license fee, although she was not in any way interested in the
business; and that she also gave him the furniture which was in
the house, of which there was a considerable quantity, as she had
been engaged in the business of keeping boarders. There was
also testimony tending to show that, before the deed was made,
he suggested to her the erection of a building on a vacant lot
belonging to her, and she assented, and he proceeded to erect it;
that when it was finished, he represented to her that the cost was
about $1,800, and that she was indebted to him between $1,100
and $1,200; and that she said to him, if she deeded all her prop-

erty to him that would make things square, and he said it ought to, — he should be satisfied if she was. At the trial, the plaintiff contended that the amount stated by George L. as due from her to him was not correct, and that she owed him very little, if anything. There was much other testimony in the case, and much that the plaintiff testified to was contradicted by George L. and his witnesses. The evidence of Mr. Conant, the lawyer who drew the will and the deeds, tended to show that the plaintiff fully understood what she was doing, and intended just such a disposition as these instruments made. To the same effect was also the testimony of Dr. Paddock, the physician, as to what took place at the execution of the will. Other witnesses testified to expressions of gratitude from the plaintiff for what George L. had done for her, and to her declarations that she had given him her property, and that he was to have it all after her death. It also appeared that she had no near relatives. But without going into the testimony in detail, enough has been stated, we think, to show that the decree was not erroneous, and that the evidence justified it.                    *Decree affirmed.*

*G. F. Richardson*, for the plaintiff.

*J. N. Marshall & J. C. Burke*, for the defendants.