THEODORE H. TYNDALE vs. BENJAMIN RANDALL.

Suffolk.    January 15, 1891. — June 25, 1891.

Present: C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Present Gift — Condition.*

In an action by an administrator to recover the value of certain coupons delivered
by the intestate to the defendant for collection, the evidence was that the intes-
tate told the defendant, after the delivery and on the eve of his departure for a
distant city, to take the coupons and remit the proceeds to the intestate as they
became due if the intestate lived, but if he never came back, to keep them in
part payment for services already rendered by the defendant to him. *Held,*
that the jury were warranted in finding a present conditional gift to the defend-
ant, which would confer upon him a good title to such coupons as were not due
at the intestate's death.

CONTRACT, with a count in tort, by the administrator of Luigi
Dama, to recover the proceeds of certain coupons collected by
the defendant.    At the trial in the Superior Court, before *La-
throp*, J., the defendant testified, in substance, that before June
10, 1887, he had rendered certain services for the intestate, who
was his brother in law, for which he had not been paid, and that
on that date the intestate, being on the eve of departing for San
Francisco, delivered the coupons in question to him, and told
him to remit the proceeds thereof to the intestate, but if the
intestate never came back, to keep the coupons the proceeds
of which had not been remitted, as partial compensation for his
services.    The defendant in one portion of his testimony stated
that the intestate said, " Keep them in part pay for services,"
and in another, that he said, " You keep these, and if the worst
should happen that I fear, you will have these to partly pay
you."

The plaintiff requested the judge to instruct the jury, that, if
Dama had a right to the proceeds of the coupons if he had lived,
there was no valid gift or pledge of the coupons to the defendant
in case of his death.    The judge declined so to instruct the jury,
and instructed them, in substance, that, if they believed the tes-
timony of the defendant, — to wit, " that, inasmuch as he had
rendered certain services to Mr. Dama prior to that time, and

made certain advances, he was to take those coupons, and although he was to remit them as they became due, if Mr. Dama lived, still, if the worst happened and he did not come back, he was to keep these to pay himself for, or in part compensation for, what was due," — the arrangement to which he testified gave him a valid title to the coupons, and their proceeds so far as not remitted to Dama at the time of his death.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in January, 1891, and afterwards, in June following, was submitted on the briefs to *Allen, Holmes, Morton,* and *Lathrop,* JJ.

*J. R. Smith,* for the plaintiff.

*A. Russ,* for the defendant.

HOLMES, J. This is an action to recover the proceeds or value of certain coupons received by the defendant from Dama, the plaintiff's intestate, to collect. The real difference between the plaintiff and the defendant, in their argument before us, is in their interpretation of the defendant's evidence. The defendant testified, in different forms, that Dama, after delivering the coupons to him, told him to remit the proceeds to Dama, who was just returning to San Francisco, but if Dama never came back, to keep them in part pay for services. The plaintiff treats this as language looking only to the future, as in *Fearing* v. *Jones,* 149 Mass. 12. But it was at least possible for the jury to find that Dama purported to transfer a present right to the defendant, and that the case stood as if Dama had delivered the coupons to the defendant at the moment of the conversation as his property, whether by way of gift or payment is not material, on the condition, however, that, if Dama was alive when the coupons fell due, then the proceeds should be remitted to him. If the jury found that to be what happened, the defendant got a good title to the coupons not due at Dama's death. This is what we understand the instructions to the jury to mean. See *Davis* v. *Ney,* 125 Mass. 590; *Stone* v. *Hackett,* 12 Gray, 227.

*Exceptions overruled.*