MARGARET DEBINSON *vs.* WILLIAM H. H. EMMONS.

Suffolk.    January 25, 1893. — April 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Donatio Mortis Causa — Delivery — Appeal from Equity Decree.*

Upon an appeal in equity from a decree of a justice of the Superior Court, where there is no statement of rulings made or of facts found, but where the evidence taken under the rule is reported, the decree will stand, unless, giving due weight to the decision of the court below so far as findings of facts are involved, it clearly appears to be erroneous.

Where in a suit in equity there was evidence tending to show that the donor upon her death bed, when almost *in extremis*, gave to the donee, as a present gift, two trunks and their contents, which were at the foot of the bed upon which she lay, at the same time handing to the donee the keys, and declaring that the trunks and all in them were the donee's, and that the donor knew that she had certain bank-books in the trunks at the time of the gift, and referred at the time of the gift to her money and to the manner in which she had obtained it, it cannot be said that the presiding justice was not justified in finding that there was a present transfer of the actual possession, dominion and property of the trunks and their contents, including the bank-books.

BILL IN EQUITY, brought to secure possession of three bank-books alleged to have been given to the plaintiff as a gift *mortis causa* by her aunt, Julia Murphy, and to have been wrongfully taken and detained by the defendant, who was the administrator of the estate of Julia Murphy. The case was heard in the

Superior Court, and a final decree was entered for the plaintiff, from which the defendant appealed. The material facts appear in the opinion.

*J. L. Bates*, for the defendant.

*S. J. Thomas & A. P. Worthen*, for the plaintiff.

BARKER, J.   As the case was heard upon its merits by a justice of the Superior Court and is here only by appeal, with no statement of rulings made or of facts found, but with the evidence taken under the rule, the question is whether, giving due weight to the decision of the court below so far as findings of fact are involved, the decree clearly appears to be erroneous. If not, it is to stand. *Reed* v. *Reed,* 114 Mass. 372. *Montgomery* v. *Pickering,* 116 Mass. 227, 230. *Allen* v. *Allen,* 117 Mass. 27, 29. *Andrews* v. *Gilman,* 122 Mass. 471. *Newton* v. *Baker,* 125 Mass. 30, 33. *Holmes* v. *First National Bank of Fall River,* 126 Mass. 353, 358. *Boston Music Hall Association* v. *Cory,* 129 Mass. 435. *Rau* v. *Von Zedlitz,* 132 Mass. 164. *Chase* v. *Hubbard,* 153 Mass. 91. The doctrine that gifts *mortis causa* take their effect from delivery, and require actual delivery or its equivalent, what is commonly spoken of as symbolical or constructive delivery not being sufficient, is well settled, (see *McGrath* v. *Reynolds,* 116 Mass. 566, and cases cited, and *Fearing* v. *Jones,* 149 Mass. 12,) and we assume that it was applied by the justice who heard the evidence.   It is not contended that any required element of a valid gift *mortis causa* is wanting except actual delivery.   The question therefore is whether a finding of an actual delivery of the bank-books was clearly erroneous upon the evidence.

These cases are always more or less suspicious, and the reading of the reported evidence in this case leads to a surmise that possibly there was no such scene as that related by the plaintiff and her witnesses.   But all the witnesses were produced before the justice who heard the case, and were cross-examined at great length and on different days.   If upon the whole the presiding justice had not deemed them worthy of credit he could not have so found the facts as to authorize a decree for the plaintiff. Assuming that their story is substantially true, there is ample evidence to support a finding of an actual delivery of the books. As stated in *Coleman* v. *Parker,* 114 Mass. 30, 33, the "term

'delivery' is not to be taken in such a narrow sense as to import that the chattel or property is to go literally into the hands of the recipient and to be carried away." The same opinion contains further statements, the close resemblance to which of the evidence in the present case is remarkable, if not disquieting: "We have no doubt that a trunk with its contents might be effectually given and delivered, in such a case, by a delivery of the key, not as a symbolical delivery of the property, but because it is the means of obtaining possession. *Ward* v. *Turner*, 2 Ves. Sen. 431, 443. If the key in this case had been placed in the hands of the witness, the donor relinquishing all dominion and control over it, and parting with it absolutely, or if by direction of the donor the witness had taken it into her possession and exclusive control, there would have been a sufficient delivery to make out a full title in the plaintiff. *Wing* v. *Merchant*, 57 Maine, 383. *Dole* v. *Lincoln*, 31 Maine, 422." The resemblance of the facts testified to by the plaintiff and her witnesses with those supposed in the dictum quoted is remarkably close, but this feature of the case must have been duly considered by the presiding justice, and he must have been satisfied that the testimony was not a creation to fit a precedent. Here the substance of the testimony of the plaintiff and of two other witnesses that the donor upon her death bed in the room where the donor was, if not a mere visitor, at most a joint occupant with the donee, and when almost *in extremis* gave to the plaintiff as a present gift two trunks and their contents which were at the foot of the bed upon which she lay, at the same time handing her the keys and declaring to the donee that the trunks and all in them were hers. The testimony of the different witnesses is not so identical in thought or expression as to raise a belief that it is the recollection of a narrative committed to memory rather than of a scene which the witnesses observed, and in the testimony of each witness are all the essentials of a present gift, transferring not only the present right of property but the present possession of it and present dominion over it. "'Maggie, here is my keys, and there is everything in my trunks. . . . Now, Maggie, those trunks are yours, . . . you hold on to them. . . . Maggie, I am dying.' 'No, Aunt Julia, be patient.' 'I know, Maggie; here is my keys, and what is

in my trunk is yours.' And she made the remark . . . what she had was Maggie's and for Maggie to hold on to it. ' Here, Maggie, here are the keys,' said she; ' The key of my trunk,' she says ; ' Catch hold of my keys,' she says; ' Everything belongs to me in my trunk belongs to you,' says she, ' now.' " The trunks were in the room one upon the other at the foot of the bed, and the keys passed from the donor's hand to that of the donee, by whom they were retained. The donor knew that bank-books were in the upper trunk, and her references at the time of the gift to her money, and to the manner in which she had obtained it, point strongly to the fact of her full knowledge of what she was giving, and to her intention then and there to give the books to the plaintiff. We cannot say that the presiding justice was not justified in finding that there was a present transfer of the actual possession, dominion, and property of the trunks and their contents. See *Fearing* v. *Jones,* 149 Mass. 12; *Tyndale* v. *Randall,* 154 Mass. 103. See also *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425 ; *Turner* v. *Estabrook,* 129 Mass. 425.

The defendant contends that the gift was invalid because it attempted to dispose of the donor's whole estate, citing *Marshall* v. *Berry,* 13 Allen, 43. But, fairly construed, the evidence shows a gift only of specific articles, two trunks and their contents. This question does not appear to have been raised at the hearing below. Although some expressions of the donor may be taken as declarations that all her property was in the trunks, they may also mean that all that was in the trunks belonged to her. The question of fact involved must, upon the theory that the presiding justice applied the law as stated in the decisions of this court, have been decided in favor of the plaintiff. We cannot say that it was erroneously decided, and so are not called upon to reconsider the statement contained in the opinion in the case on which the defendant relies.

*Decree affirmed.*