WILLIAM J. BIGGERSTAFF *vs.* MARIA A. MARSTON.

Suffolk.    December 14, 1893. — March 19, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Equity Practice — Appeal·from Decree — Mortgagor and Mortgagee — Effect of Payment before Maturity and after Assignment — Agency — Modification of Decree.*

Upon an appeal from a decree of a justice of the Superior Court dismissing a bill in equity, after a hearing upon the merits, the evidence having been taken under the rule and reported to this court, and there being no findings of fact and no rulings of law, the decree is to stand, unless, after giving due weight to the decision of the justice who heard the case, it clearly appears to be erroneous.

If, upon the evidence before him, it was competent for the single justice who heard a suit in equity to find a state of facts which would justify the decree ordered by him, this court will assume, upon an appeal from the decree, the evidence having been reported, that he has so found, and that the decree is the result of the application of correct rulings of law to those facts.

Upon an appeal from a decree of a single justice dismissing a bill in equity, the evidence having been reported, if facts might be found on an examination of the evidence which would give the plaintiff a right to relief, yet where the finding of those facts depends upon conflicting evidence of the weight of which the justice had the best means of judging, this court cannot say that the decree is clearly erroneous.

If a mortgage and note secured thereby, given by A. to B., are assigned by B. to

C. for value, before maturity and without notice of any failure of consideration, and A., in ignorance of such assignment, makes payments on account of principal and interest to B., who is not the financial agent of C., and who is not asked to and does not produce the note and indorse such payments thereon, but gives receipts therefor, A. in making those payments acts at his own peril, and, not having paid to the owner or the owner's agent, must be held to have acted in his own wrong.

It is not the duty of the purchaser of a mortgage and note secured thereby, before maturity, to notify the mortgagor of his purchase; but it is the duty of the mortgagor, if he proposes to pay the debt before maturity, to require the actual production of the note, when making such payment to the original mortgagee.

The assignee of a mortgage and note secured thereby, before maturity, by allowing his assignor, the original mortgagee, as his undisclosed agent, to receive payments of interest accruing before the maturity of the note, does not, as matter of law, justify the mortgagor in believing that the assignor has authority to receive the principal before it becomes due.

If the assignee of a mortgage given to secure a negotiable promissory note not matured gives the mortgagor no notice of the assignment, the latter is not entitled to continue to treat the mortgagee as owner simply because he believes him to be such.

A decree, dismissing a bill in equity for the cancellation of a mortgage of land and note secured thereby, given by the plaintiff to a third person and by the latter assigned to the defendant, before maturity, the plaintiff having, in ignorance of the assignment, made payments of principal and interest to the assignor, should be modified so as to be without prejudice to the plaintiff's right to redeem the land from the mortgage.

BILL IN EQUITY, filed in the Superior Court on July 22, 1893, for the cancellation of a mortgage of land in Chelsea and promissory note secured thereby, given by the plaintiff to Eben Hutchinson, and by the latter assigned to the defendant. At the hearing, a decree was ordered dismissing the bill; and the plaintiff appealed to this court. The facts appear in the opinion.

*S. W. Clifford*, for the plaintiff.

*W. C. Smith*, for the defendant.

BARKER, J. The case is here upon appeal from a decree dismissing the bill, after a hearing upon the merits, the evidence having been taken under the rule and reported to the full court. There are no findings of fact and no rulings of law. We are to give due weight to the decision of the justice who heard the case, and unless his decree clearly appears to be erroneous it is to stand. *Debinson* v. *Emmons*, 158 Mass. 592, 593, and cases cited. If upon the evidence it was competent for him to find a state of facts which would justify his decree, we must assume that he has so found, and that the decree is the result of the application of correct rulings of law to those

facts. We have carefully considered the evidence, and while facts might be found from it which would give the plaintiff a right to relief, whether those facts should be found depends upon conflicting evidence of the weight of which the justice who heard it had the best means of judging, and we cannot say that his decree was clearly erroneous. He may have found that the plaintiff received the whole sum for which the note and mortgage purport to have been given ; that the defendant bought the note and mortgage in the regular course of business before they became due, and for full value, in good faith and without notice of any suspicious circumstances ; that the note and mortgage after the defendant's purchase were in her possession, and never in that of Hutchinson, and that the latter was her agent only to collect the interest. Upon the question of his agency, the evidence as it reads seems to favor the plaintiff, but we cannot say how much the appearance of the witnesses ought to weigh, and therefore cannot find that Hutchinson was, as the plaintiff contends, the general financial agent of the defendant, or that he had authority from her to receive payments on account of the principal.

The mortgage and note were dated September 14, 1888, and were payable in two years, with half-yearly interest. They referred to each other, and the assignment to the defendant, dated October 31, 1888, not only assigned the mortgage, but in terms assigned, transferred, and set over the note and claim, although the note was not indorsed. The evidence tended to show that payments were made to Hutchinson on account of principal, on April 21, 1890, $100; April 29, 1890, $300; and September 3, 1890, $200, for all of which he gave receipts. It did not tend to show that the note was produced at any time when these payments or those of interest were made, nor that its production was asked for by the plaintiff, until after he had made his last payment ; and he himself testified that he never in making payments asked Hutchinson to produce the note or mortgage, or whether he had assigned them, or to indorse the payments, but simply took the receipts without asking any questions, and never asked to see the note and mortgage.

Assuming that the defendant was a *bona fide* purchaser for value, and before maturity and without notice of any failure of

consideration, and that when the payments on account of principal were made to Hutchinson he was neither the owner nor the holder of the note, nor the agent of the owner to receive the principal, the plaintiff in making those payments upon a negotiable note not yet matured, and which was not produced to him by the person to whom he made the payments, paid at his own peril, and not having paid to the owner or the owner's agent, must be held to have acted in his own wrong. *Wheeler* v. *Guild*, 20 Pick. 545. *Watson* v. *Wyman, ante,* 96. Nor can he have credit for his payments of principal on the ground that the defendant had by her conduct held out Hutchinson as having authority to receive them, or by her acts or silence given the plaintiff reasonable cause to believe that Hutchinson had such authority. There was no duty upon the defendant to notify the plaintiff that she had become the owner of the note and mortgage ; while, having given a negotiable promissory note not yet matured, there was a duty upon the plaintiff himself, if he proposed to pay before maturity, to require the actual production of the note. *Wheeler* v. *Guild, ubi supra.* By the mortgage the plaintiff had contracted to pay to the mortgagee or his assigns, and by the note to the mortgagor " or order," and by the law of negotiable paper it was not the duty of the purchaser of the note to notify the plaintiff of the purchase, and it was so much the duty of the promisor to see that it had not been transferred that when, without its actual production, he paid to the original payee, he acted in his own wrong. The defendant by allowing the original mortgagee, as her undisclosed agent, to receive pay· ments of interest accruing before the maturity of the note, did not, as matter of law, justify the plaintiff in believing that Hutchinson had authority to receive the principal before it became due. If the plaintiff had in fact known that Hutchinson was receiving the interest as agent, it would not have been a reasonable inference that he was authorized to receive payment of the principal before it was due, and contrary to the terms of the note and mortgage. The plaintiff did not know that the defendant had made Hutchinson her agent to collect the interest, and was not misled by knowledge of this agency. If he were to be released from his obligation to pay to the owner because he had inferred from the fact that no one except Hutch-

inson had asked him to pay the interest, and because no one had notified him that the note and mortgage had been sold, he would in effect be released from an obligation which he had voluntarily assumed toward whomsoever should become the owner of the note. He made his payments in disregard of an obligation to pay to the owner which the law imposed upon him as the promisor in the note and mortgage.

If, as the plaintiff contends, the receipt of a payment by Hutchinson was tantamount to the statement by him, " I hold your note," and the defendant by allowing Hutchinson to receive the interest had enabled Hutchinson to make that statement when a word from her to the plaintiff would have dispelled his illusion as to Hutchinson's ownership, it still was the plaintiff's duty to reply to Hutchinson before making the payment, " If you hold my note, produce it," and, not having done so, it is his own fault that he has paid to the wrong party.

It is true, as the plaintiff contends, that the plaintiff was not charged with notice of the assignment in the registry. See *George* v. *Wood*, 9 Allen, 80 ; *Watson* v. *Wyman, ante,* 96. But it is not the law in this Commonwealth, that, if the assignee of a mortgage given to secure a negotiable promissory note not matured gives the mortgagor no notice of the assignment, the mortgagor may continue to treat the mortgagee as owner simply because he believes him to be such ; and in the present case the evidence does not require a finding that the acts of the defendant have justified the plaintiff in believing that Hutchinson was still the true owner of the mortgage.

The decree dismissing the bill ought to be without prejudice to the plaintiff's right to redeem the land from the mortgage, and it should be so modified and affirmed.

*So ordered.*