MORIS GUTLON *vs.* ALFRED A. MARCUS & others.

Suffolk.    January 8, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Equity Practice — Finding of Single Justice — Failure of Consideration.*

A decree of a single justice of this court sitting in equity, in a cause heard before
him on oral evidence, and which is heard in this court on appeal upon a report
of the same evidence only, will not be reversed on a question of fact, unless it
clearly appears to be erroneous.

Where a conditional promise is a consideration, the failure of the condition is not
a failure of the consideration.

BILL IN EQUITY, filed July 7, 1893, and amended May 24, 1894, against Alfred A. Marcus, Micah Dyer, Jr., Julia K. Dyer, William P. Fitzgerald, Lorin L. Fuller, Edward A. Upton, and others not material to be named, to obtain a reconveyance of certain premises in Boston, the cancellation and discharge of a mortgage thereon, and the surrender of certain notes and drafts held by several of the defendants.

*W. Schofield*, for the plaintiff.

*P. A. Bridgham*, for Marcus.

*I. R. Clark*, for Micah and Julia K. Dyer.

*C. C. Mayberry*, for the executors of the will of Lorin L. Fuller.

*E. A. Upton, pro se.*

HOLMES, J.   This is a bill in equity for a reconveyance of land in Boston, and for the cancellation of a mortgage upon the same, and also for the surrender of a number of notes and drafts held by different defendants.   The ground of the bill is a fraudulent conspiracy.   For proof it depends wholly upon oral testimony, and the judge who heard and saw the witnesses was not convinced by them.   On the well known rule by which this court is governed in dealing with such evidence on appeal, we hardly need to go further to show that the plaintiff cannot prevail.   *Boston Music Hall Association* v. *Cory*, 129 Mass. 435.   *Chase* v. *Hubbard*, 153 Mass. 91.   *Morrell* v. *Kelley*, 157 Mass. 126.   *Debinson* v. *Emmons*, 158 Mass. 592.

But if we were to decide the case anew, with nothing before our minds but the printed evidence, we should come to the same result. The suggestion of a conspiracy on the part of the other defendants except Marcus and Dyer is wholly unsustained, and it is proved that the notes and drafts are held for value. The issue with regard to the land comes down to a very narrow one. The plaintiff conveyed it to Marcus's man, Fitzgerald, who at once mortgaged it to Dyer. The plaintiff contends that a part of the bargain was an agreement of Dyer that, on receiving the mortgage, he would surrender to the plaintiff notes made by the latter and held by Dyer. Dyer admits that he agreed to do so to the extent of thirteen thousand dollars, if he found the property worth the sum mentioned as its value. The plaintiff's testimony does not inspire confidence. Dyer's statement that he promised only on condition is confirmed by the conveyancer who took part in the transaction, and who is disinterested and unimpeached, as well as by other evidence which it is needless to recite. It is suggested that, if Dyer had been looking out for his own interest and not conspiring with Marcus, he would have cancelled the plaintiff's notes as consideration to that extent for the mortgage, rather than have paid money to Marcus. No doubt the case suggests suspicions. But on the evidence the most probable view is that Marcus insisted on a certain amount of cash in the first place, and only was willing to give the security for cancelling the notes in the second place, if the security was enough for both.

The plaintiff's counsel, feeling the difficulty of contending for a more favorable view of the facts, argues that, taking Dyer's statement of the bargain, on Dyer's refusal to surrender the plaintiff's notes the plaintiff had a right to rescind the transaction for failure of consideration, and that Dyer made further advances at his peril. But when a man acts in consideration of a conditional promise, if he gets the promise he gets all that he is entitled to by his act, and if, as events turn out, the condition is not satisfied and the promise calls for no performance, there is no failure of consideration. Furthermore, in the present case there is strong ground for believing that Dyer's promise, whatever it was, was collateral to the plaintiff's bargain. It is to be noticed that, in the final mem-

orandum of agreement between Marcus and the plaintiff before the conveyance, the plaintiff relies wholly on Marcus for the payment of his notes. The plaintiff had incurred debts, and had given notes to Marcus which were outstanding at the time, and there is no doubt that the price of the land above three thousand dollars in cash was to be applied to extinguishing them. But the probability is that the plaintiff relied upon his vendee, Marcus, for accomplishing his end.

*Decree affirmed.*