S. K. EDWARDS HALL COMPANY & others *vs.* SYLVESTER DRESSER.

Worcester.    October 1, 1896. — March 5, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Deed — Reservation — Easement — Master's Findings — Equity Practice.*

The reservation of an easement to one not a party to the deed is void.

If the finding of a master to whom a suit in equity has been referred is confirmed by the Superior Court, it will not be reversed by this court, unless it clearly appears to be erroneous.

If a deed of land reserves to the grantor a right of way over it, unless the grantee shall provide some other and convenient way over his adjoining land in its stead, the subsequent acceptance by the grantee of a deed of other adjoining land containing a reservation to the grantor therein of a right of way over it will not operate as the substitution by the grantee of a new way for the grantor in the first deed.

A finding of the master to whom a suit in equity has been referred, which seems to

be immaterial, will not be disturbed, especially if the evidence reported shows some testimony in its favor.

Under the 31st chancery rule an exception to a master's report, which is not founded upon an objection filed before the master, will be overruled.

The plaintiff in a suit in equity, which has been referred to a master, is not injured by the master's statement that the plaintiff could not maintain his bill upon the facts reported.

An exception to a master's report, which contains no specification such as is required by the 32d chancery rule, will not be considered.

BILL IN EQUITY, filed in the Superior Court on December 26, 1893, to establish a right of way over the defendant's land in Southbridge. A decree was entered, dismissing the bill; and the plaintiffs appealed to this court. The facts appear in the opinion.

*A. J. Bartholomew & J. M. Cochran,* for the plaintiffs, submitted the case on a brief.

*F. P. Goulding,* (*F. L. Dean* with him,) for the defendant.

LATHROP, J. This is a bill in equity, filed in the Superior Court on December 26, 1893, in which the first named plaintiff claimed to be entitled to a right of way over the defendant's land. The bill also contained an allegation that the proprietors of the John Edwards estate had also a similar right of way. Subsequently certain persons, describing themselves as trustees of the estate of John Edwards, filed a motion alleging that they owned certain land, and were interested in the right of way set forth in the bill, and asked that they be allowed to become parties plaintiff. This motion was granted. After an answer and a replication were filed, the case was sent to a master, who made various findings of fact, and further found that the plaintiffs could not maintain their bill. The master also reported the evidence. The plaintiffs filed several objections and exceptions to the report of the master, and the defendant filed one objection and exception.

It appears from the master's report that the first named plaintiff owns two lots of land, with buildings upon them, on the southerly side of Main Street in Southbridge. The defendant owns a lot lying between the plaintiff's lots. On it is a building with an open driveway on the westerly side, about twelve feet wide. Beyond the first lot of the plaintiff is a lot owned by the trustees of the estate of John Edwards. To get from the

plaintiff's first lot in the rear to the passageway, it would be necessary to cross the lot of the defendant in the rear of the building thereon.  The plaintiff's second lot abuts on the passageway.

1.  The first exception of the plaintiffs relates to the right of the trustees of the estate of Edwards to use the passageway. The only deed which bears upon this is a deed from William Edwards to the defendant, dated May 1, 1860, in which is this clause : the grantor " reserving to himself, his heirs and assigns, and to John Edwards, the right to pass in and over the said premises to and from the land in rear of their store, whenever they shall desire, unless the said Dresser, his heirs or assigns, shall provide some other and convenient way over his other land adjoining the said premises on the north, to the parties aforesaid in its stead." John Edwards was not a party to the deed, and the reservation to him was void.  1 Shep. Touch. (Prest. ed.) 80.  1 Washb. Easements, (4th ed.) 34.

2.  The second exception relates to a finding by the master that the plaintiffs had not acquired a right of way by prescription.  The evidence on this point was conflicting.  The finding of the master has been approved by the justice who heard the case in the Superior Court.  Unless it was clearly wrong, it should not be reversed.  An examination of the evidence does not satisfy us that the finding was wrong, and it must therefore stand.  *Morrell* v. *Kelley*, 157 Mass. 126, and cases cited.  *Debinson* v. *Emmons*, 158 Mass. 592.  *Biggerstaff* v. *Marston*, 161 Mass. 101.  *Wentworth* v. *S. A. Woods Machine Co.* 163 Mass. 28. *Lundin* v. *Schoeffel*, 167 Mass. 465.

While there was some evidence that there was a defined way across the defendant's land in the rear of his building, there was also evidence that this rear land was used as a dumping place for rubbish, and that persons drove over the land wherever they could, and that there was no defined way.  The case on this point is very similar to *Starkie* v. *Richmond*, 155 Mass. 188, 196.  See also cases therein cited.  The second exception must be overruled.

3.  The third exception relates to the finding of the master that there was no evidence that the defendant ever provided a suitable and convenient way over his other land adjoining the

premises conveyed on May 1, 1860. The clause of this deed relating to the matter we have already set forth. The only oral evidence on this point came from the defendant, who testified, " I never provided a new way, or took any steps, and was never asked to." The plaintiff, however, contends that this new way is to be found in the defendant's acceptance of a deed from William Edwards to him, dated July 23, 1876. This deed conveyed to the defendant a strip four feet wide, and in depth extending to the south line of Edwards's land, lying between his lot and the defendant's, reserving to himself, his heirs and assigns, and to the estate of John Edwards, deceased, the right of passing over said tract to said street as now owned, used, and occupied, and as occasion requires. The only legal effect of the clause was to reserve a right of way to the grantor and his heirs over the strip conveyed. It had no effect on any other land of the grantee.

4. The fourth exception relates to the finding of the master that there was no well defined way over the defendant's rear land. This is disposed of by what we have already said as to the second exception.

5. The fifth exception relates to the finding of the master that there was no evidence that the defendant had obstructed the right reserved in the deed of May 1, 1860, from William Edwards to the defendant. We do not understand that the right of way reserved in this deed refers to the right of way in controversy. The finding of the master seems, therefore, to be immaterial. Moreover, the evidence reported shows some testimony on this point in favor of the master's finding.

6. The sixth exception relates to certain facts which it alleges that the master should have found, but has not found. The record shows that this exception is founded upon no objection filed by the plaintiffs to the master's report. This exception must, therefore, be overruled. Chancery Rule XXXI.

7. The seventh exception is as follows. That the master has found that the plaintiffs cannot maintain their bill upon the facts reported, whereas the same is matter of law to be determined by the court, and contrary to the proofs submitted to him.

Whether the master could or could not state the conclusion of law which he was of opinion was the result of the facts found

by him need not be considered. The plaintiffs were not injured thereby, as the court must finally determine what the law is on the facts as they may be determined to be.

So far as the exception set forth that the conclusion of the master is contrary to the proofs submitted to him, there is no specification as is required by Chancery Rule XXXII.

On the report of the master it sufficiently appears that the plaintiffs have failed to prove that they have, or that either has, the right of way over the defendant's land, as alleged in the bill.

It becomes unnecessary, therefore, to consider the exception taken by the defendant to the master's report.

*Decree affirmed.*