LAVINIA N. DICKINSON *vs.* MABEL L. TODD & another.

Hampshire.    September 20, 1898. — November 21, 1898.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Fraud — Equity Practice — Appeal from Decree.*

Upon appeal from a decree of a justice of the Superior Court sitting in equity on questions of fact arising upon oral testimony heard before him, his decision will not be reversed unless it is plainly wrong.

BILL IN EQUITY, filed November 16, 1896, in the Superior Court, against Mabel L. Todd and David P. Todd, her husband, to set aside a conveyance of land in Amherst to the said Mabel, alleged to have been procured by misrepresentation and fraud. Hearing before *Hopkins*, J., who entered a decree for the plaintiff; and the defendants appealed to this court. The facts appear in the opinion.

The case was argued at the bar in September, 1898, and afterwards was submitted on briefs to all the justices except *Field*, C. J.

*E. C. Bumpus & W. J. Reilley*, (*W. Hamlin* with them,) for the defendants.

*J. C. Hammond*, (*H. P. Field & S. S. Taft* with him,) for the plaintiff.

KNOWLTON, J. The justice of the Superior Court found that the deed in question was procured by fraud of the grantee, and

entered a decree for the plaintiff. The defendants appealed, and the question before us is whether the finding of the judge was erroneous. An appeal in equity brings to the appellate court questions of fact which arise upon the record, as well as questions of law. But the practice which has long prevailed in Massachusetts of presenting the testimony in suits in equity orally instead of in writing has materially changed the effect of appeals in such suits upon questions of fact. Under the old practice of presenting all the testimony by deposition, the appellate tribunal had before it the evidence in the same form as when it was considered by the lower court. But under the present system the judge who sees and hears the witnesses has a great advantage in the search for truth over those who can only read their written or printed words. For this reason the rule has long been established that upon an appeal from a decree of a judge in equity upon questions of fact arising on oral testimony heard before him, his decision will not be reversed unless it is plainly wrong. *Reed* v. *Reed*, 114 Mass. 372. *Chase* v. *Hubbard*, 153 Mass. 91. *Debinson* v. *Emmons*, 158 Mass. 592. *Biggerstaff* v. *Marston*, 161 Mass. 101. *Wentworth* v. *Woods Machine Co.* 163 Mass. 28. *Gutlon* v. *Marcus*, 165 Mass. 335. *McKay* v. *Kean*, 167 Mass. 524. *S. K. Edwards Hall Co.* v. *Dresser*, 168 Mass. 136.

In the present case there was testimony at the trial on which the court could properly find for the plaintiff.

It would serve no useful purpose to review the evidence. The judge of the Superior Court saw the witnesses, observed their manner of testifying, formed his opinions about them, not merely in regard to their credibility in the ordinary sense, but in the case of the plaintiff and the female defendant in regard to everything in their temperament, experience, and habits of life which would help him in discovering the truth. Seldom is there a case in which the reasons for the rule that weight should be given to the impressions produced by seeing and hearing the witnesses are so strong as in this case. From reading the printed testimony a majority of the court is unable to say that the judge who presided at the trial, and had opportunities for ascertaining facts which we cannot have, was wrong in his conclusions.

*Decree affirmed.*