LYDIA G. BROWN vs. INHABITANTS OF SUDBURY.

Middlesex.　January 11, 1909. — February 25, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Land Court,* Decree.　*Deed,* Reservation, Restriction.

A decree of the Land Court on a petition under R. L. c. 182, § 11, to determine the validity of a right of way claimed by the respondent over the land of the petitioner, was in the following terms : " It is ordered, adjudged and decreed that it appearing that the land . . . appears of record to be affected by a possible reservation by virtue of the following clause in . . . [a certain deed, quoting it,] . . . it is now determined that said language did not create a valid reservation, condition, restriction, stipulation, or agreement affecting said land." *Held,* that this was a decree that the terms in the grant were not sufficient to create a reservation, condition, restriction or agreement affecting the land.

The following language was contained in a grant to an individual from the Proprietors of the Common and Undivided Lands in Sudbury in 1715 : " Only the Proprietors reserve forever convenient driftways to the above said Lowance meadows and gravel to mend the mill dam and highways, as there shall be occasion." *Held,* that this language was sufficient, so far as the terms used were concerned, to create a reservation, condition, restriction or agreement affecting the land granted.

PETITION under R. L. c. 182, § 11, filed in the Land Court May 15, 1905, to determine the validity or define the nature and extent of a right of way claimed by the defendant across the land of the petitioner in Sudbury.

The petition was heard before *Davis,* J. From a final decree in favor of the respondent, the petitioner appealed to this court. The facts are stated in the opinion.

*W. C. Cogswell,* (*F. F. Gerry* with him,) for the respondent.

*W. D. Gray,* (*F. S. Hesseltine* with him,) for the petitioner.

LORING, J. This is an appeal from a final decree on a petition under R. L. c. 182, § 11, to determine the validity of possible incumbrances on a parcel of land owned by the petitioner.

The decree appealed from is in these words : " It is ordered, adjudged and decreed that it appearing that the land described in this case appears of record to be affected by a possible reservation by virtue of the following clause in the grant from the Proprietors of the Common and Undivided Lands in Sudbury to George Pitts, dated December 6, 1715, ' Only the Proprietors reserve forever convenient driftways to the above said Lowance

meadows and gravel to mend the mill dam and highways, as there shall be occasion,' it is now determined that said language did not create a valid reservation, condition, restriction, stipulation or agreement affecting said land."

The contention of the petitioner here is that, if the proprietors had parted with all interest in the mill dam and in the highways before the grant here in question was made, the reservation would have been invalid because a right in favor of a third person is not the subject of a reservation in a deed (as to which see *Edwards-Hall Co.* v. *Dresser*, 168 Mass. 136); and that there is nothing on the record to show that the decree was not founded on evidence to that effect.

If it were a fact that before the date of this grant the proprietors had ceased to have any interest in the mill dam or the highways, a question urged here by the respondent would have to be considered, namely: Does or does not this grant come within the rule that the technical rules of law as to deeds will not be applied to early grants? (as to which see *Gloucester Water Supply Co.* v. *Gloucester*, 179 Mass. 365, and cases there collected). Possibly other questions also would then arise.

But in our opinion the appeal ought not to be disposed of on that ground. The decree does not profess to deal with the present time. It is not a decree that the land is not now subject to an incumbrance by reason of the reservation, or attempted reservation, in the original grant. It deals with the past, that is to say, with the original validity of the reservation or attempted reservation. More than that, this decree does not in terms profess to deal with the effect of the reservation or attempted reservation by reason of then existing facts *in pais*. It is in terms a decree "that said language did not create a valid reservation, condition, restriction or agreement affecting said land." That meant that the terms used in the grant were not sufficient to create a reservation, condition, restriction or agreement affecting said land. We think that so far as the terms used are concerned they were sufficient.

This conclusion is rather enforced by the two "decisions" which led up to the decree appealed from. The first "decision" was made on June 6, 1906. It ends with these words: "I rule that the provision in question in the Pitts grant is not

a valid reservation, and I therefore order an entry of 'Petition dismissed.'" That "decision" purports to deal with the present, not with the past.  In addition it purports to be a ruling of law pure and simple.  A second "decision" was filed on June 22, 1906.  At least we assume that it was filed in 1906 and not in 1908, as stated in the record, since the decree founded on it was filed May 15, 1908.  The second "decision" states that "on a re-hearing . . . as to the form of the decree to be entered herein, I am satisfied that as matter of law the decree which should follow the decision and ruling filed June 6, 1906 should not be a decree of 'petition dismissed,' as was assumed at the prior hearing and ordered by the court.  I therefore revoke said order for an entry of decree of 'petition dismissed,' and order instead the entry of" the decree in fact entered.

*Decree reversed.*