### CROWLEY, trustee, etc., *v.* CROUCH.

|114  135|
| Case 2 |
|119  896|
114  135
 Case 2
|124  924|

1. In disposing of a petition by a trustee against a cotrustee, both of whom have been appointed by will, in which petition the plaintiff not only prays for the removal of the defendant from his trust, but also sets forth the will, together with a statement of the defendant's rights thereunder as claimed by the plaintiff, and where the defendant in his answer sets up reasons why he should not be removed, denies that the plaintiff's construction of the will as to the defendant's rights thereunder is correct, and, by cross-petition, prays for a decree fixing his individual rights in the property in question, the court has before it not only the question of removal or non-removal, but also that of passing on the prayer of the cross-petition.
2. Under the terms of the will in this case, the defendant in error took a life-estate in the property in question, subject to be divested in the event such property should be sold by him as trustee.

Argued October 16,—Decided November 7, 1901.

Equitable petition. Before Judge Henry. Floyd superior court. January term, 1901.

*W. J. Neel* and *Lipscomb & Willingham,* for plaintiffs. *Denny & Harris,* for defendant.

FISH, J. These material facts we gather from the record in this case: Mrs. Lillie M. Crouch died, testate, in 1899, her will having been executed a few days prior to her death and written by herself. The portions of it pertinent to the questions presented are: "I .. give, bequeath, and devise my earthly belongings as follows:

. . Second. My house and lot with improvements thereon to my aforesaid children [James Turner Crouch and John Crowley Crouch], to be held in trust for them by their father, James Turner Crouch, and my mother, Mrs. John Crowley ; said house if in their judgment should be sold, proceeds to be invested for their benefit in some other equally paying or better investment. Third. My drug stock and fixtures with soda-fountain and apparatus likewise held in trust for my two children; and if their father should see fit to dispose of it, or change his investment, that he will make use of proceeds for the children's benefit in some other investment, after outstanding debts of mine are paid. This stock consists of nineteen shares of stock in Hale-Jervis Drug Company duly incorporated. All this property is to be enjoyed by my husband as long as he lives, and no one shall have any power to hasten him out of the house or business as long as it is his pleasure to continue them the same." The will was duly probated in common form. In October, 1900, all the property mentioned in the third item, viz., the stock in the drug company, etc., was sold under an order of court applied for by Mrs. Crowley and James Turner Crouch, as trustees, for the support, maintenance, and education of their cestuis que trust, as well as for the purpose of paying off a lien upon the house and lot mentioned in the second item of the will. The property brought $5,000, $1,000 in cash and the balance in monthly installments of $100 each, for which the purchasers gave their notes. In March, 1901, Mrs. Crowley, as next friend of James Turner Crouch and John Crowley Crouch, applied to the judge of the superior court for the removal of her cotrustee, James Turner Crouch, her petition charging gross mismanagement and misconduct on his part in reference to his trust, and that since the death of his wife he had become an unfit person to discharge the duties of trustee for the children. The petition alleged, in substance, that under the will of Mrs. Crouch, a copy of which was attached as an exhibit, James T. Crouch was given the right to the use and enjoyment of the property mentioned in the second and third items of the will only so long as it should remain unsold, but that if sold the proceeds were to be reinvested for the benefit of the children, and that he was to have no interest in the proceeds or the property in which they might be invested. It also alleged that the property mentioned in the third item of the will had been sold as hereinbefore stated. The prayers of the pe-

tition were, for the removal of James Turner Crouch as trustee, or that he be required to give a bond for the faithful discharge of the duties of his trust, and for general relief.    The respondent, in his answer to the petition, denied that the will only gave to him the use and enjoyment of the property mentioned so long as it should remain unsold, and alleged that the will gave him a life-estate in such property, not subject to be terminated by the sale thereof, and that during his life petitioner had no right to use or manage the same.    After making certain charges, the answer concluded with the prayers, that respondent be authorized to reinvest the proceeds of the sale of the stock in the drug company, etc., in " some other business, as by the will authorized, and respondent be permitted to collect and use the income arising from the rent of the house and the proceeds of the drug-store and soda-water apparatus and fixtures as respondent deems best for the support of himself and his children, as by the will permitted; and that respondent's interests under the will, as life-tenant, be preserved."    The judgment of the court required the respondent to enter into a good bond, within a stated time and for a given amount, and in default thereof that he be removed from his trust.    The judgment then proceeded as follows: " 2nd. The court further finds and adjudges that J. T. Crouch, under the will of Mrs. Lillie M. Crouch, is given a life-estate in the house and lot and the drug-store, soda-fount, and store fixtures referred to in said will, and is entitled, during his life, to the income therefrom, after the payment of taxes, insurance, and necessary repairs, which are hereby declared to be a charge upon, and payable from, such income."    Mrs. Crowley, as trustee and next friend of the two children, excepted to so much of the judgment of the court as is contained in the second paragraph thereof above quoted.

1. The ground upon which that part of the judgment of the court excepted to is alleged to be erroneous is, that there were no pleadings to authorize the same.    There is no merit in this ground. While the petition prayed only for Crouch's removal as trustee, it set out the will of Mrs. Crouch and undertook to define his rights as to the property in question.    His answer denied the construction put upon the will in the petition and set up what he contended to be his rights in the property under the will, and then, converting his answer into a cross-petition, he prayed that his rights as life-tenant should be protected by the judgment of the court.    The

court, therefore, properly had before it not only the question of removal or non-removal of Crouch as trustee, but also that of passing upon the prayer of his cross-petition.

2. The other ground of exception alleges that the court erred in its construction of the will. Keeping in view the primary rules for the construction of wills, that the intention of the testator should be diligently sought, by considering and giving force to all parts of the instrument, and that a latter clause thereof should not destroy a former, unless the two are incompatible and irreconcilable, we have reached the conclusion that Crouch, the defendant in error, was given, under the will of his wife, a life-estate in the property mentioned in the second and third items of such will, to be terminated, however, upon the sale of such property by him as trustee for the children of himself and wife. Item second of the will gives the house and lot to the children of the testatrix, to be held in trust for them by their father, James Turner Crouch, and Mrs. Crowley, and provides that if the property, in the judgment of the trustees, should be sold, the proceeds should be reinvested, for the benefit of the children, in other property that as an investment would pay equally as well or better. The third item provides that the stock in the drug company, the soda-water apparatus, etc., should likewise be held in trust for such children, and if their father should see fit to dispose of it, or change his [this?] investment, he should "make use of proceeds for the children's benefit in some other investment." So far, the children are the sole objects of the bounty of the testatrix. All of the property mentioned is to be held in trust for their benefit alone. The house and lot may be sold, if in the judgment of the two trustees it should be best; the stock in the drug company, the soda-water apparatus, etc., may be sold in the discretion of one of the trustees, James T. Crouch; but, in either case, the authority to sell is given but for one specific purpose, and that is, to reinvest the proceeds for the benefit of the cestuis que trust. Crouch is given no authority to sell the stock in the drug company, the soda-fountain, etc., for the purpose of reinvesting the proceeds for his individual use and benefit, but, as already said, such proceeds are required to be reinvested for the use of the cestuis que trust alone. If the clause that provides: "All this property is to be enjoyed by my husband as long as he lives, and no one shall have any power to hasten him out of the house or

business as long as it is his pleasure to continue them the same," be seemingly in conflict with the intention of the testatrix so clearly expressed in the preceding clauses, such conflict may be easily reconciled by construing this last-quoted clause as giving to James T. Crouch a life-estate in the property so long as it should remain unsold, such estate to be divested when a sale should be had at his instance.    Such a construction would give force to all clauses of the will, and, we think, would carry out the intention of the testatrix.    The expression, " and no one shall have any power to hasten him out of the house or business as long as it is his pleasure to continue them the same," seems to mean that while his interest should be divested by a sale of the house or business, it was left entirely with him whether a sale should be had.    He was given a life-estate in specific property.    Whatever power, if any, this gave him to dispose of his life-interest therein for his own benefit, it certainly gave him no power whatever to sell the property in which this life-estate was created.

A tenant for life has no power to dispose of the fee ; his power is only over what belongs to him, that is, the life-estate.    The only power which James Turner Crouch had to sell the property itself was that conferred by the clauses in the will providing for a sale of the property and a reinvestment of the proceeds thereof in other property for the benefit of the cestuis que trust.    The power to sell conferred by these clauses was a power to sell for a specific purpose, and could only be exercised for this purpose.    This power as to the house and lot was conferred jointly upon both the trustees, Crouch and Mrs. Crowley, and as to the stock in the drug company, the soda-fountain, etc., it was conferred upon Crouch, trustee, alone.    The only purpose for which the power to sell could be exercised being to obtain the proceeds of the property and reinvest them in other property for the benefit of the cestuis que trust, the power of sale could not be exercised for the purpose of converting the property into cash and investing such proceeds in other property for the benefit of Crouch for life and then for the benefit of the cestuis que trust.    The testatrix seems to have realized that a sale of the property, under the power conferred by these clauses, would terminate the life-estate of her husband, and, in order to make sure that his life-estate should not be thus destroyed without his consent, she provided that "no one [should] have any power to hasten

him out of the house or business as long as it [was] his pleasure to continue them the same." She seems to have apprehended that the cotrustee, or the cestuis que trust, might undertake to bring about a sale of the property and a reinvestment of the proceeds for the benefit of the cestuis que trust during the lifetime of her husband, without his consent, and, to prevent this, emphatically declared that no one should have any power to hasten him out of the house or business. Crouch, the defendant in error, was given a life-estate in the house and lot, terminable by a sale of such property by the concurrent action of himself and his cotrustee, in execution of the power jointly conferred upon them by the will; and in the stock in the drug company, the soda-fountain, etc., he was given a life-estate, terminable whenever he, as trustee, should sell such property under the provisions therefor of the will. As this last-mentioned property, viz., the stock in the drug company, the soda-fountain, etc., was, with the consent and at the instance of Crouch, sold under the power conferred by the will, his life-estate, so far as this property is concerned, was terminated, and the entire interest in the proceeds arising from the sale of this property belonged to his two cestuis que trust. It follows that the portion of the judgment excepted to by the plaintiff in error was erroneous.

*Judgment reversed. All the Justices concurring.*