## The People ex rel., etc., v. Anna Benson.

1. APPEALS—*From the Probate Court in Citations to Compel the Surrender of Assets.*—The Circuit Court has jurisdiction of an appeal from the Probate Court of the county in a citation against the widow of a deceased person. whose estate is in progress of administration, to compel her to surrender property claimed as assets of the estate.

2. GIFTS—*What Amounts to a Sufficient Delivery of.*—Where a donor at the time of declaring a gift, divests himself of the means of possession and dominion over it, and invests the donee with such means, he is to be considered as surrendering possession of it; so where an unequivocal declaration of a gift is accompanied by a delivery of the only means by which possession of the article given can be obtained, the delivery is sufficient.

Administration of Estates.—Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

JULIAN P. LIPPINCOTT, attorney for appellant; JOHN A. BELLATTI, of counsel.

SMITH & HAIRGROVE, and H. G. WHITLOCK, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant, as executor of the estate of William Benson, deceased, presented to the Morgan County Court a petition

for a citation against appellee, the widow of deceased, to compel her to surrender to him two promissory notes, one for $1,000, and the other for $1,500, executed by one James Y. King to Benson in his lifetime, and which appellee claimed had been given to her by Benson.

The County Court, upon a hearing to determine the ownership of the notes, held them to be the property of the estate and ordered her to turn them over to the executor. An appeal was prosecuted to the Circuit Court, where a motion was made to dismiss the appeal, upon the ground that the Circuit Court had not jurisdiction to entertain an appeal in this kind of a case. The Circuit Court overruled the motion, and upon a hearing on the merits, held the notes to be the property of appellee and dismissed the petition.

It is contended that section 8 of the Appellate Court act gives to the Appellate Court exclusive jurisdiction of appeals from the County Court in this kind of a case, and that for that reason the Circuit Court should have sustained appellant's motion to dismiss the appeal. This proceeding is not a suit at law or in chancery within the meaning of section 8 of the Appellate Court act. It is expressly authorized by section 81 of the administration act. Section 124 of that act provides, that "Appeals shall be allowed from all judgments, orders, or decrees of the County Court, in all matters arising under this act, to the Circuit Court." The appeal, therefore, was properly taken to the Circuit Court. Randolph, Adm'r, v. The People, for the use, etc., 130 Ill. 533; Dawson v. Eustice, Adm'r, 148 Ill. 346.

The evidence clearly shows that Benson intended to give the notes to his wife and that he believed that he had done so. On different occasions shortly before his death, he stated to his son, to a nephew and to the maker of the notes, that he intended them in lieu of life insurance for his wife and had given them to her for that purpose. The notes were, at the time, locked up in a safe in a shop where he had done business before stricken with his last illness.

This case hinges entirely upon the question of whether there was sufficient delivery to make the gift effectual.

Appellee did not have manual possession of the notes until after the death of her husband. He gave to her the key to the safe in which the notes were kept and stated that he gave her the contents of the safe. After his death, she took manual possession of the contents. The notes were the only contents of value in the safe. While delivery of possession of the article is essential to the validity of the gift, the delivery need not always be a manual delivery. The delivery may be symbolic, as the delivery of a key to a chest or a trunk. The term is not to be taken in such a narrow sense as to require that the thing given shall go, literally, into the hands of the donee and be carried away. An unequivocal declaration of gift accompanied by a delivery of the only means by which possession of the article given can be obtained, is sufficient. Grover v. Grover, 24 Pick. 261; Coleman v. Parker, 114 Mass. 30; Hageman v. Hageman, 90 Ill. App. 251.

Where the donor, at the time of declaring a gift, divests himself of the means of possession and dominion and invests the donee with such means, he should certainly be considered as surrendering possession. And so when Benson delivered the key to the safe to his wife and declared that the contents contained therein belonged to her, he parted with possession of the contents and ceased to have dominion over them. From then on, appellee only, had power of manual possession. We think there was sufficient delivery to make the gift effectual. Order affirmed.