GREAT NORTHERN RY. CO. v. WESTERN UNION TELEGRAPH CO. et al. WESTERN UNION TELEGRAPH CO. v. GREAT NORTHERN RY. CO. et al. NORTHWESTERN TELEGRAPH CO. v. SAME.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1909.)

Nos. 2,870–2,872.

1. APPEAL AND ERROR (§ 1097*)—PROCEEDINGS ON MANDATE IN LOWER COURT —SECOND APPEAL.

When an appellate court definitely describes the decree to be entered in the court below, there is no discretion in the latter court, but its duty is to obey the mandate and enter the decree accordingly, and when so entered it is the decree of the appellate court, and an appeal from it will be dismissed; but if the mandate does not cover the entire case, but leaves something undetermined, and to be inquired into and adjudicated, or if the court below misconstrues the decree of the appellate court, and does not give full effect to its mandate, a new appeal is an appropriate remedy.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TELEGRAPHS AND TELEPHONES (§ 20*)—CROSS-BILL—PLEADING AND ISSUES —SET-OFF.

In a suit in equity by a railroad company to determine the ownership of telegraph lines built and operated on its right of way by defendant under a contract which has expired, where it was determined that defendant still owned such lines and had the right to operate the same, subject to the payment of a reasonable rental for the use of complainant's right of way, a claim set up by defendant by cross-bill for telegraphic service furnished complainant, in excess of free service contracted for, was germane to the subject-matter of the suit, and might properly be determined, and the amount found due set off against the rental.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 20.*]

3. APPEAL AND ERROR (§ 1097*)—DECISION AS LAW OF CASE—SECOND APPEAL.

When a case comes the second time before an appellate court by appeal upon the same facts, what was decided at the first appeal constitutes the law of the case, and will not be again examined.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

Appeals from the Circuit Court of the United States for the District of Minnesota.

Suit in equity by the St. Paul, Minneapolis & Manitoba Railway Company, and the Great Northern Railway Company, as its successor, against the Western Union Telegraph Company and the Northwestern Telegraph Company. From the decree, all parties appeal. Modified and affirmed.

See, also, 118 Fed. 497, 55 C. C. A. 263.

William R. Begg, for Great Northern Ry. Co.

· Rush Taggart, for Western Union Telegraph Co.

George C. Ripley, for Northwestern Telegraph Co.

Before HOOK, Circuit Judge, and RINER and AMIDON, District Judges.

HOOK, Circuit Judge. This was a suit to determine the respective rights and interests of the parties in telegraph lines on the right of way of what is now known as the Great Northern System of railroads, extending from the state of Minnesota to the Pacific Ocean. The bill was filed in 1893 by a predecessor of the present appellant, the Great Northern Railway Company, and it asserted the telegraph lines had been built under contracts which had expired, and that as the lines were affixed to the soil of the right of way they consequently became its property. The position of the telegraph company was that it was the owner of the lines and had a perpetual easement over the right of way, but that, if for any reason it was obligated to the railway company for compensation in respect of the use of any part of the right of way, it asked that an accounting be had and the amount of its obligation be ascertained. This in a very general way, but sufficiently, expresses the nature of the controversy. The case was here once before on an appeal from the first decree of the Circuit Court, and the elaborate recital of the facts accompanying the opinion makes it unnecessary to repeat them. St. Paul, M. & M. Ry. Co. v. Western

Union Tel. Co., 118 Fed. 497, 55 C. C. A. 263. The mandate of this court on that appeal directed the vacation of the decree of the Circuit Court and the entry of one in conformity with the opinion, and that if further proceedings were had, and it was recognized they might be necessary, they should be in accord with the principles announced by this court. The Circuit Court entered a new decree, which the telegraph company claims is in exact accord with the mandate of this court, and it therefore moves that the present appeal taken from that decree be dismissed.

The rules of law applicable to the situation are as follows: When an appellate court definitely describes the decree to be entered in the court below, there is no discretion in the latter court; but its duty is to obey the mandate and enter the decree accordingly. The decree, when entered in the court below according to the mandate, is the decree of the appellate court, and an appeal from it will be dismissed, for it would be in effect an appeal to the appellate court from its own decree. Illinois v. Railroad Company, 184 U. S. 77, 22 Sup. Ct. 300, 46 L. Ed. 440; Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986. On the other hand, if the mandate of the appellate court does not cover the entire case, but leaves something undetermined, something to be inquired into and adjudicated, the action of the court below in respect thereof may be reviewed on a second appeal. Also, if the court below misconstrues the decree of the appellate court, and does not give full effect to its mandate, a new appeal is an appropriate remedy. Ex parte Union Steamboat Company, 178 U. S. 317, 20 Sup. Ct. 904, 44 L. Ed. 1084; In re Sanford Fork & Tool Company, 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414.

It is quite apparent from the former opinion, to which the mandate referred, that this court did not attempt to settle on the first appeal all the matters in controversy. At least one of those now presented to us by the appellant was involved in the pleadings, but was left untouched by our former decree; and even though it may be found that the trial court was entirely right in its disposition of it, the appeal should not be dismissed. The present decree of the court below affirms the right of the telegraph company to compensation for telegraphic services rendered the railway company in excess of the amount provided by contract to be rendered free of charge, and holds that the excess amount should be credited upon or set off against the amount found due the railway company for its transportation and distribution of materials for the telegraph lines and for use of its right of way. This matter was not determined on the first appeal, and we think the trial court was right in its decision upon it. The claim for the services in excess of the free amount was distinctly made in the cross-bill of the telegraph company. It grows out of the contract between the parties and is germane to the litigation. If the railway company should be justly indebted to the telegraph company on this account, there is no reason in equity why the amount should not be definitely ascertained and applied in reduction of an indebtedness of the latter arising out of the relations between the parties which make the subject-matter of the main litigation.

Complaint is made of the recital in the decree now before us of a contract made September 21, 1863, between predecessors of the present parties to the suit, as though it were one of the muniments of a right of the telegraph company in the railroad right of way. The contract, which is known in the litigation as the "Smith and Simmons contract," was held by this court to have been entirely superseded by later agreements, and to constitute no support for any claim of the telegraph company. It may be that the recital of the contract in the decree was intended as merely historical; but, if it is referred to at all, we think there should be an affirmative declaration that it was superseded, and no right or title is maintainable under it.

It was held on the first appeal that all lines of telegraph erected on the railroad right of way prior to July 1, 1882, belonged equally and jointly to the railway company and the telegraph company, and that all lines thereafter erected on the right of way were the sole property of the telegraph company, subject, however, to the duty to pay the railway company for transportation and distribution of materials, and also to pay a just compensation for the use of the right of way. It was also said that, if the parties could not agree, the trial court was authorized to proceed with a master and commissioners to make inquiry and fix the compensation to be paid. The present decree of the Circuit Court was accordingly so framed, and the railway company now complains that its right to compensation for use of its right of way was restricted to the use by telegraph lines erected since July 1, 1882. It says, if the telegraph company is the owner of a half interest in the lines built prior to the date mentioned, it should be justly held to pay half of the value of their use of the right of way.

The difficulty with this contention is that it was determined adversely to the railway company on the first appeal. It clearly appears, from the prior opinion, the court was of the view that the right to compensation for use of the right of way was limited to the use by lines owned wholly by the telegraph company in which the railway company had no proprietary interest. In speaking of this very right to compensation, it was expressly said the lines owned jointly by the parties did not stand on the same footing. The matter, therefore, is not open to reexamination. It is the established rule in the courts of the United States that when a case comes the second time before an appellate court, by appeal upon the same facts, what was decided at the first appeal constitutes the law of the case, and will not be again examined touching its soundness. Mutual Reserve Fund Life Ass'n v. Ferrenbach, 144 Fed. 342, 75 C. C. A. 304, 7 L. R. A. (N. S.) 1163; Guarantee Co. v. Phenix Ins. Co., 124 Fed. 170, 59 C. C. A. 376. "An actual decision of any question settles the law in respect thereto for future action in the case." Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 554, 24 Sup. Ct. 538, 48 L. Ed. 788. The object of the rule is that there may be an end to litigation, and that speculation on changes in the membership of the court may be prevented.

Exhaustive briefs have been presented, in which are discussed the questions whether the railway company became the owner of the telegraph lines on the expiration of the contracts, and, if not, then whether the telegraph company has under the acts of Congress, or can ac-

quire in this suit by the judicial action of the court, an easement for its lines over the railroad right of way. But these questions were determined upon full consideration in the former opinion of this court, and the trial court was directed to enter a decree and proceed accordingly. We cannot again go into them. A second appeal to the same court cannot be made to perform the office of a petition for rehearing or a bill of review; and that is so here, even if it be true, as claimed, that the conclusions reached on the first appeal are, in part, at least, contrary to views more recently announced by the Supreme Court in other, but similar, cases. Western Union Telegraph Company v. Pennsylvania Railroad Company, 195 U. S. 540, 25 Sup. Ct. 133, 49 L. Ed. 312; Western Union Telegraph Company v. Pennsylvania Railroad Company, 195 U. S. 594, 25 Sup. Ct. 150, 49 L. Ed. 332. That the Supreme Court might, if its jurisdiction could be invoked, reach a different result in the case in hand, does not open it up for re-examination by us.

For the sake of brevity we have referred to the appellant the Great Northern Railway Company as though it were a party to the contracts concerning the telegraph lines, instead of the railroad companies it succeeded. By doing so, however, we do not intend to affect any independent rights it may have, not involved in such succession. Nor do we determine anything as between the Western Union Telegraph Company and the Northwestern Telegraph Company.

The motion to dismiss the appeal is denied. The decree of the Circuit Court is modified, by the insertion of a provision that the contract of September 21, 1863, between A. B. Smith and Z. G. Simmons of the one part and the St. Paul & Pacific Railroad Company of the other, was wholly superseded by later contracts, and constitutes no basis of any present right or title in the telegraph companies; and, as so modified, the decree is affirmed.

The costs in this court will be equally divided between the railway company and the telegraph company.