### BALDWIN v. CHICAGO, R. I. & P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1911.)

### No. 3,416.

1. APPEAL AND ERROR (§ 1099*)—QUESTIONS REVIEWABLE—SECOND APPEAL.
   The decision of an appellate court becomes the law of the case, and the legal effect of evidence once determined will not be reconsidered, where, without material change, it is again brought to the court on a second appeal or writ of error.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. MASTER AND SERVANT (§ 289*)—ACTION FOR INJURY TO SERVANT ON TRACK —CONTRIBUTORY NEGLIGENCE.
   The testimony of a witness that an employé engaged in repair work on a railroad bridge, who was struck and killed while walking on the ties which approached him from behind at a negligent rate of speed, looked back three times while walking the last 100 feet, but did not appear to see the train until the third time, when he attempted to escape, that the view of the train was obstructed by smoke, and that no bell was rung nor whistle blown, was sufficient to require the submission to the jury of the question of contributory negligence.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

In Error to the Circuit Court of the United States for the District of Nebraska.

Action by Jane Baldwin, administratrix of the estate of Henry Baldwin, deceased, against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

W. J. Connell, for plaintiff in error.

J. L. Parrish (W. D. McHugh and Carroll Wright, on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and DYER, District Judge.

HOOK, Circuit Judge. The administratrix sued the railway company for negligently causing the death of Henry Baldwin, her husband. A judgment in her favor was reversed by this court upon the ground that the evidence showed the deceased was guilty of contributory negligence, and the case was remanded for a new trial. 90 C. C. A. 630, 164 Fed. 826. Upon the conclusion of the evidence at the second trial, the trial court directed a verdict for the company for the same reason as that which prevailed here before. The administratrix then prosecuted this writ of error. The only question presented for our consideration is whether the court rightfully directed the verdict.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no doubt or controversy as to the negligence of the company. Baldwin was superintending the work of 35 or 40 men engaged in making repairs of the Union Pacific bridge across the Missouri river between Omaha, Neb., and Council Bluffs, Iowa. The defendant and other railroad companies were using the bridge in the operation of their trains while the repairs were being made. The Union Pacific Railroad Company, the owner of the bridge, had published a bulletin giving notice of the repairs, and requiring that the speed of all trains while crossing the bridge be reduced so as not to exceed four miles per hour. West-bound trains were required to be under full control, and to be prepared to stop when approaching the east or Iowa end of the bridge. The defendant company was subject to the requirements of this bulletin. On the occasion in question a west-bound train belonging to it came upon the bridge at a speed of 20 or 25 miles per hour, overtook Baldwin, who was fleeing for safety, and knocked him off. His injuries caused his death shortly afterwards. It is claimed by the company that the evidence at the second trial showed as matter of law that he did not take proper precautions for his own safety, and also that in that particular it is substantially the same as when the case was here before. It is therefore urged that the case is controlled by the former opinion of this court.

[1] It is the settled doctrine that a second appeal to the same appellate court cannot be made to perform the office of a petition for rehearing or a bill of review, and that the legal effect of evidence once determined will not be reconsidered where, without material change, it is again brought to the court. The first decision becomes the law of the case, and controls its future fortunes. Mutual Reserve Fund Life Ass'n v. Ferrenbach, 75 C. C. A. 304, 144 Fed. 342, 7 L. R. A. (N. S.) 1163; Great Northern Ry. Co. v. Telegraph Co., 98 C. C. A. 193, 174 Fed. 321. But was there not additional evidence at the second trial sufficient to withdraw the case from the operation of the rule? It plainly appears from the opinion of this court that its conclusion on the first appeal was rested upon uncontradicted evidence that, if Baldwin had looked back as he should have done, his view of the approaching train would have been clear and unobstructed for a long distance, and that, knowing he was in a place made dangerous by the frequent passing of railroad trains, he either did not look, or if he looked failed to take ordinary precautions for his safety. It was said:

"If he had looked to the east when he parted from the last witness who met him, he could not have failed to see the Rock Island train approaching. Between the point where these two men parted and the place where he·was overtaken, there were at least three extended floor beams where he could have stepped out to the railing and have waited safely until both trains had passed. The bridge and the railroad tracks upon it in such frequent use were constant warnings of the danger of coming trains. It was his duty to exercise ordinary care to protect himself from them, and the exercise of that care required him to be so alert and watchful for his own welfare that trains, coming in plain view for the distance of a mile, which he could escape by looking behind him and by moving with reasonable celerity from their track, should not strike him upon it. Under these undisputed facts, there is no escape from the conclusion that, if the decedent had looked behind him at any time when he was walking the first 75 of the last

100 feet, he must have seen the fatal engine approaching him, and he could easily have stepped out upon an extended floor beam and have escaped it. If he did not look, he was guilty of negligence, and if he looked, and did not step out upon one of these beams to the railing beyond reach of the engine, he was likewise guilty, and in either event his negligence contributed to his injury, for, if he had exercised ordinary care to look and to act, he would have escaped the accident."

There was a witness at the second trial named Ackerman who did not testify before. He was the only one who appears to have seen what occurred just before the accident, and we think his testimony is new and sufficiently substantial to require. a submission of the case to the jury. A correct appreciation of it requires a brief description of the situation. Two parallel railroad tracks crossed the bridge, the north one for west-bound trains and the south one for those that were moving east. There was no floor on the bridge, and the open spaces between the ties where Baldwin was, four inches in width, made it necessary for him to walk with some care. At intervals of 24 feet beams extended across the bridge beyond the ties, the outer rails of both tracks and the overhang of passing trains. These beams were about 10½ inches in width, and afforded places of safe retreat for the workmen when trains were passing on both tracks at the same time. It was probably dangerous to remain between two passing trains. Baldwin was walking west on the bridge with his back towards the east or Iowa end. The train which struck him was behind him and also moving westward. Ackerman, the witness referred to, was a structural iron worker engaged on the repair work. He was walking eastward on the bridge towards Baldwin and the train. He said he was keeping a sharp lookout for trains and looked up from time to time from the unfloored ties, irregularly spaced on that part of the bridge upon which he was walking. When he first saw Baldwin, they were about 600 feet apart, and the latter was walking between the two tracks. From that time until the accident occurred each had gone approximately 100 feet. The witness testified that in this interval as they were approaching each other he saw Baldwin look back three times over his shoulder towards the east end of the bridge. After each of the first two efforts, Baldwin resumed his walk as before, but upon the third he became excited, and started in a great hurry diagonally across the north track towards one of the extending beams, but was hit by the engine before he got in the clear. He did not in his run pass any of the beams upon which he might have gone. At that time the train of another railroad company was passing eastward on the south track, and prevented escape in that direction. The witness further testified that, though he looked, he did not see the approaching train of the defendant company, and it was not in sight until very shortly before Baldwin glanced back the last time; also, that much smoke hung low over the tracks east of the end of the bridge. Baldwin was struck about 300 feet from the east end. There was also evidence that no bell was rung nor whistle blown. Smoke came from a blacksmith shop near the east end of the bridge, and there is a suggestion that some may have come from the engine of the other train.

We think the testimony is not so improbable that it may be disre-

garded by a court. If the witness testified truthfully as to his own efforts and failure to see approaching trains, the efforts of Baldwin which he observed, and the obscuring presence of smoke, reasonable minds might not all agree that Baldwin was negligent. In such a case the questions as to the weight to be accorded the testimony and whether reasonable care was exercised by the person whose conduct is in issue are for the jury. It may be that figuring closely by seconds, estimated distances, and speeds of movement it could be shown that Baldwin might have reached one of the projecting beams. It does not appear, however, just where the train was when he, not the witness, first saw it; and the witness is positive that, when Baldwin looked the last time and saw the train coming, he at once hurried to get out of the way. But even momentary irresolution in the face of sudden peril is not necessarily negligence in law.

The judgment is reversed, and the cause is remanded for a new trial.