## HARRISON et al. v. FOLEY.

(Circuit Court of Appeals, Eighth Circuit. May 20, 1913. Rehearing Denied Aug. 25, 1913.)

No. 3,759.

1. GIFTS (§ 62*)—CAUSA MORTIS—DELIVERY.

Delivery by decedent of the key to his safety deposit box to plaintiff, as part of a gift of the contents causa mortis, constituted a sufficient symbolical delivery of the contents of the box to sustain the gift, notwithstanding such key would not give access to the box, except in conjunction with the key retained by the safety deposit company.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 122–132; Dec. Dig. § 62.*]

2. JUDGMENT (§ 570*)—DISMISSAL OF ACTION—RES JUDICATA.

Where, after judgment for plaintiff in a state court action to recover the subject of a gift causa mortis, the state Supreme Court affirmed an order granting a new trial on the ground that the evidence was not sufficient to prove a gift, whereupon plaintiff dismissed and instituted a new suit for the same relief in the federal court, there was no judgment in state courts that could be pleaded as res judicata, but the whole matter was subject to trial anew in the federal court, without reference to the state court proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1034, 1036–1040, 1042–1045, 1165; Dec. Dig. § 570.*]

3. COURTS (§ 99*)—LAW OF THE CASE—STATE AND FEDERAL COURTS.

The doctrine of the law of the case in its customary sense does not run from state to federal jurisdiction, or vice versa; its general application being to a second appeal in the same appellate court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

4. COURTS (§ 99*)—FEDERAL COURTS—STATE COURT DECISION—EFFECT.

Where, in an action to recover the proceeds of a gift causa mortis, the state Supreme Court affirmed an order granting defendant a new trial,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and held that the evidence was insufficient to prove a gift, after which plaintiff dismissed and instituted a suit for the same relief in the federal court, the state court decision was but an estimate of the probative effect of certain evidence, and as such was only persuasive, and not conclusive on the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by Elizabeth Foley against J. S. Harrison, individually and as administrator of the estate of John Medley, deceased. Judgment for plaintiff, and defendants bring error. Affirmed.

Jacob L. Lorie and W. S. Cowherd, both of Kansas City, Mo. (Cowherd, Ingraham, Durham & Morse, of Kansas City, Mo., on the brief), for plaintiffs in error.

W. F. Guthrie, of Kansas City, Mo. (L. C. Boyle and A. F. Smith, both of Kansas City, Mo., on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges.

HOOK, Circuit Judge. Mrs. Foley sued Harrison, the administrator of Medley, deceased, in a state court in Kansas City, Mo., to recover the contents of a safe deposit box consisting of mortgage securities and money. She claimed they were given her by Medley in anticipation of his death, which soon followed, and that the gift was accompanied by the delivery to her of his keys. A verdict in her favor was vacated, and a new trial was awarded, by that court. On her appeal to the Supreme Court of the state the order was affirmed. Foley v. Harrison, 233 Mo. 460, 136 S. W. 354. When the case went back for retrial, she dismissed it without prejudice, and at once commenced the present action for conversion in the federal court. A trial in that court also resulted in her favor, and Harrison prosecuted this writ of error. The questions here are whether, assuming the evidence for plaintiff to be true, the delivery of the contents of the safe deposit box, necessary in gifts mortis causa, could be effected by handing over the keys, and whether in this case there was sufficient evidence of the fact of gift.

[1] The general doctrine of the common law as to gifts mortis causa is recognized by the Supreme Court of Missouri as prevailing in that state, and in Foley v. Harrison, supra, it was held that a delivery of the keys was an effective symbolical delivery of the contents of the box. The latter conclusion was reached after an exhaustive review of the decisions of the courts and the views of text-writers from a very early date, and we think it is correct. True, the keys given to Mrs. Foley would not have opened the box without the assistance of the safe deposit company and the guard key which it retained; but in this respect the case is not different from one of a gift of a deposit in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a savings bank by delivery of the pass book. The pass book alone, without affirmative action by the bank officials, would be unavailing, yet a delivery of it is upheld as sufficient. Pierce v. Boston Savings Bank, 129 Mass. 425, 37 Am. Rep. 371; Tillinghast v. Wheaton, 8 R. I. 536, 5 Am. Rep. 621, 94 Am. Dec. 126; Hill v. Stevenson, 63 Me. 364, 18 Am. Rep. 231. It does not affect the sufficiency of the delivery that the possession and presentation of the pass book is not a full compliance with the rules and regulations of the savings bank respecting the right of another than the depositor to draw the funds. By delivering the keys of the safe deposit box the donor parted with all the means of access in his possession at the time and placed them in the hands of Mrs. Foley. His action was in harmony with his condition and the situation of the property. The money and securities being elsewhere under lock and key, and not susceptible of manual transfer, he gave the keys, which at the time and place were, more than anything else, the physical symbols of dominion. It was the best he could do. The cases of delivery of a key of an ordinary receptacle are in point. Thomas v. Lewis, 89 Va. 1, 15 S. E. 389, 18 L. R. A. 170, 37 Am. St. Rep. 848; Debinson v. Emmons, 158 Mass. 592, 33 N. E. 706; People v. Benson, 99 Ill. App. 325; Jones v. Brown, 34 N. H. 439, 445; Marsh v. Fuller, 18 N. H. 360. See, also, Stephenson's Adm'r v. King, 81 Ky. 425, 50 Am. Rep. 173. The present state of the law of gifts mortis causa, as regards both the subjects and the methods of making them, is a natural adaptation to modern customs and usages. We appreciate that the ancient barriers to fraud and perjury have been weakened, but believe the remedy is for the legislatures, not the courts.

[2] There is a preliminary phase of the contention regarding the sufficiency of the evidence. It is said the proof in favor of Mrs. Foley before the state courts was at least as strong as it was before the court below, and, since the highest court of the state expressly declared upon full consideration that it was insufficient to prove a gift mortis causa, we should regard its decision as the law of the case, and therefore controlling. The appeal to the Supreme Court of Missouri was from an order of the state court of first instance granting a new trial. When the Supreme Court affirmed the order, and held the evidence was not sufficient to prove a gift, the case went back for a new trial. If a retrial had been had in the first court, it would have been open to Mrs. Foley to strengthen her case, if she could; but, failing, the decision of the Supreme Court would have been binding as the law of the case, and would necessarily have resulted in her defeat. But when she dismissed the case there, and brought the present one in the federal court, the whole matter was at large. There was no judgment in the state courts which could be pleaded as res adjudicata, nor was the decision of the Supreme Court of the state a construction of a local statute or the establishment of a local rule of property.

[3] The doctrine of the law of the case in its customary sense does not run from state to federal jurisdiction (Gardner v. Railroad, 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107), or conversely. Its application is generally to a second appeal in the same appellate court (Guarantee Co. v. Insurance Co., 59 C. C. A. 376, 124 Fed. 170; Mu-

tual Reserve Fund Life Ass'n v. Ferrenbach, 75 C. C. A. 304, 144 Fed. 342, 7 L. R. A. [N. S.] 1163; Great Northern Ry. Co. v. Western Union Tel. Co., 98 C. C. A. 193, 174 Fed. 321), and of course to the courts inferior to that which first ruled.

[4] The decision of the Supreme Court of Missouri was but an estimate of the probative effect of certain evidence, and as such persuasive in other jurisdictions, but not conclusive. It is also apparent that the question now before us is quite different from that before the court in Missouri. There the trial court had already set a verdict aside. The case here comes with a verdict and judgment, and the single question, which is one of law, not of fact, is whether there was any substantial evidence in favor of the prevailing party. That there was such evidence cannot be denied. Whether it would have convinced us, had we been the triers of the facts, is beside the case. The credibility of the witness upon which the case depended, considering his age, his relation to Mrs. Foley, etc., was for the jury under the guidance of the trial court, and they, the court and jury, with better opportunities for judging, were satisfied with the result. We see no error of law in the record.

The judgment is affirmed.