COUNTY OF BIBB *v.* JONES *et al.; et vice versa.*

1. Under the evidence, and in view of the former ruling of this court in the same case, the verdict was unauthorized.
2. No error appears in the rulings assigned as error in the cross-bill of exceptions.

Nos. 1823, 1824.    MARCH 5, 1921.

Complaint for land.    Before Judge Graham.    Bibb superior court.    December 20, 1919.

Suit was brought against the County of Bibb in January, 1916, by the children of Donald B. Jones, who died in 1892, and of his wife, Elizabeth J., who died in July, 1915, at the age of seventy-seven years.    The land in dispute was conveyed, in 1869, to Donald B. Jones, his heirs and assigns, " in trust nevertheless for sole and separate use of Elizabeth J. Jones, his wife, for and during her natural life, and after death with reversion to the said Donald B. Jones or her heir or heirs at law, with power to the said Elizabeth J. Jones to empower the said Donald B. Jones, . . to sell any part or the whole of said trust estate, and to reinvest the proceeds in such other property subject to the above-described trust as he shall deem best for the interest of said trust estate."    On November 29, 1870, the land was conveyed by Donald B. Jones, trustee of his wife, to Aaron A. Roff, by deed reciting a consideration of $4000 paid.    On this deed was an entry signed and sealed by Elizabeth J. Jones, and attested, stating that she had authorized and empowered her trustee to sell and make a deed to the property therein mentioned, for the price stipulated therein, hereby ratifying all the acts of her trustee in the premises.    In December, 1872, Roff donated the land to the City of Macon and the County of Bibb, on condition that they would cause to be erected thereon a suitable building for the proper care and employment of indigent and sick persons of the city and county.    The gift was accepted, and the " Roff Home " 1886, the city quitclaimed to the county title to the land, in con-sideration of a contract entered into by them for the reception of (county poor-house, etc.) was erected on the land.    In February, applicants into the institution.    The buildings and other improve-ments erected on the land by the defendant were of large value. Roff died prior to October, 1885.

The plaintiffs contended, that neither Donald B. nor Elizabeth J. Jones received any money or other thing of value for the land

and as consideration for the deed to Roff; that under the deed of 1869 the children of Elizabeth J. Jones took title in fee simple, with right of possession upon her death; and that the effect of the deed to Roff was to convey to him an estate in the land for the life of Elizabeth J. Jones, with remainder to her children. The defendant contended, among other things, that it acquired complete title; and that it took possession and erected the improvements on the land in good faith and without notice of any fraud whatever, or of any claim of title by the plaintiffs. The case was submitted to the jury (under instructions of law by the court) on the issue whether the sale by the trustee to Roff was legal and valid, or whether in that sale there was a commission of fraud to which Roff was a party. After verdict for the plaintiffs a motion for new trial was overruled, and the defendant excepted. The testimony of Elizabeth J. Jones, referred to in the first part of the decision (infra), was taken in June, 1914. She testified, that neither she nor Donald B. Jones received any part of the $4000 recited as the consideration of the deed io Roff; that no valuable consideration accrued either to her or to Jones individually or as trustee by reason of the execution of said deed; that the deed was given to Roff in payment or settlement of a pre-existing debt due him by the firm of Adams, Jones & Reynolds, of which her husband was at that time a member; that she did not receive any benefit from the deed; and that at the time it was executed no consideration whatever was paid either to her or to Donald B. Jones.

In a cross-bill of exceptions taken by the plaintiffs error was assigned: (a) On a charge to the jury that "the recital of a consideration in the deed from Jones to Roff is to be taken as prima facie true, but is subject to be overcome or explained by parol testimony," the plaintiffs contending that the court should have charged that the recital of receipt of consideration is presumed to be true, and such presumption continues until it is overcome by evidence. (b) On the refusal of several requests for instructions to the jury, which need not be here set forth. (c) On the exclusion from evidence of testimony by Elizabeth J. Jones, to the effect that the consideration of the deed to her trustee in 1869, conveying the land in dispute, was a part of her separate estate (specifying), on objection that this was immaterial and irrelevant. (d) On the exclusion from evidence of testimony by Roff Sims.

that about 1876 or 1877, in conversation with him, Aaron Roff pointed out the land in dispute and " said that he took it from Mrs. Donald B. Jones to pay the debt of Adams, Jones & Reynolds that was due to him, of which firm Mrs. Jones's husband was a member. He often referred to it as having been taken from Mrs. Jones to pay this obligation. On one occasion he said to me that he was a money lender and didn't want any property, and didn't feel as if, having taken this property in payment for a debt, from a woman, that he cared to liquidate it and have it become a part of his estate, and therefore gave it away." The objections sustained were, that the testimony was hearsay, and that the statements were made by Roff after he parted with title and possession of the property.

*W. G. Smith* and *Joseph H. Hall,* for County of Bibb.

*J. L. Anderson* and *Ross & Ross,* contra.

PER CURIAM. When this case was before this court on a former occasion (*County of Bibb* v. *Jones,* 147 *Ga.* 493, 94 S. E. 765) it was held that the deed of the trustee and his wife, unless void for fraud, conveyed the entire estate in the property conveyed by the deed to the husband and trustee. The fourth division of the decision then rendered is as follows: " Having held, in the second division of this decision, that the deed from the trustee was effective to convey the entire property, unless impeached for fraud, and it appearing upon an inspection of the evidence contained in the record that the evidence was not of such a character as to require a finding that the transaction was fraudulent, the court erred in directing a verdict in favor of the plaintiffs for the property in dispute." The evidence introduced upon that trial, for the purpose of impeaching the deed for fraud, consisted of the testimony of the wife of the trustee, which had been perpetuated under order of court. Her evidence was direct, unequivocal, and undisputed. On the subsequent trial of the case, now under review, the plaintiff offered in evidence the same testimony, and, in addition, other testimony tending to establish the same fact, which upon the former trial was undisputed.

1. Under the evidence in the present record, and in view of the ruling quoted above, the verdict for the plaintiffs was unauthorized, and the court therefore erred in overruling the defendant's motion for new trial.

2. Certain charges of the court and refusals of certain requests to charge are assigned as error in the cross-bill of exceptions. The requests to charge, in so far as legal and pertinent, were fully covered by the court's general charge to the jury; and the charges given are not erroneous for any reason assigned. The evidence, the exclusion of which is also assigned as error in the cross-bill of exceptions, was immaterial and irrelevant to any issue in the case, and the court did not err in excluding it.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except*

HILL, J., dissenting. In view of the ruling made in the case when it was formerly before this court, and of the evidence in the present record, I dissent from the ruling of the majority of the court in the first division of the decision.