## INTERSTATE REALTY & INVESTMENT CO. OF LOUISIANA, INC., v. BIBB COUNTY, GA.

(Circuit Court of Appeals, Fifth Circuit. October 26, 1923.)

### No. 4047.

1. **Courts ⟨key⟩99(1)—Decision not law of case in different forum.**

    The doctrine of the law of the case in its customary sense does not run from state to federal jurisdiction, or conversely.

2. **Judgment ⟨key⟩570(15)—Decision of state Supreme Court, reversing and remanding cause, held not res judicata in new action in federal court after dismissal.**

    A decision of the Supreme Court of Georgia, reversing a judgment for plaintiffs and remanding the case, which was thereafter voluntarily dismissed, *held* not a bar to a second suit by plaintiffs or their privies in a federal court on the same cause of action.

3. **Courts ⟨key⟩367—State decisions, not establishing rule of property, not controlling on federal courts.**

    A decision of the Supreme Court of a state, reversing the judgment in an action involving real property, on the ground that it was not supported by the evidence, established no rule of property controlling on a federal court in a subsequent suit between the same parties or their privies on the same cause of action.

4. **Trusts ⟨key⟩203—Sale by trustee of life estate held not to convey interest of remaindermen.**

    Where a deed to land to a grantee in trust for his wife during her life, with remainder to her husband or heirs, contained a power to the wife to empower the trustee to sell the property "and to reinvest the proceeds in such other property, subject to the trust as he shall deem best for the interest of the trust estate," a conveyance of the land by the trustee, duly authorized by the wife, in satisfaction of a personal debt of his own, and not for reinvestment, of which the grantee was charged with notice, was ineffective to divest the interest of the surviving children of the wife as remaindermen, her husband having died during her lifetime.

5. **Remainders ⟨key⟩17(3)—Prescription runs only from death of life tenant.**

    Adverse possession does not commence to run against remaindermen until the death of the life tenant.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action at law by the Interstate Realty & Investment Company of Louisiana, Inc., against the County of Bibb, Ga. Judgment for defendant, and plaintiff brings error. Reversed.

John P. Ross, of Macon, Ga., for plaintiff in error.

Walter De Fore, of Macon, Ga. (Walter De Fore and James C. Estes, both of Macon, Ga., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was an action for the recovery of a tract of land, situated in Bibb county, Ga. The plaintiff was the grantee of the surviving children of Elizabeth J. Jones. They had sued the present defendant for the same lands in the superior court of Bibb county, Ga., upon the same title relied upon in this suit. Upon the first

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trial in the state court, they obtained a verdict and judgment for the lands in dispute. The Supreme Court of Georgia reversed the judgment and ordered a new trial on the single question of fraud. County of Bibb v. Jones et al., 147 Ga. 493, 94 S. E. 765. On the second trial in the superior court, a verdict and judgment was again had for the plaintiffs. On a second appeal, the Supreme Court again reversed the judgment of the superior court. County of Bibb v. Jones, 151 Ga. 302, 106 S. E. 727. Thereupon the plaintiffs voluntarily dismissed their suit in the superior court of Bibb county.

Afterwards the plaintiffs in the state court conveyed their interests to the plaintiff here, a corporation organized under the law of Louisiana, and suit was instituted by it in the District Court of the United States; there being diversity of citizenship, and the requisite jurisdictional amount involved. Jurisdiction of the District Court was conceded by counsel on the argument in this court, but for the purposes of the appeal only. The petition sets out the title plaintiff relied upon, and the history of the litigation in the state courts, and the voluntary dismissal of the case in the state court. The District Court sustained a general demurrer to the petition, and dismissed it, at the cost of plaintiff.

The questions for decision are: (1) Is the decision of the Supreme Court the controlling law of this case? (2) Is the decision against plaintiff's predecessors in title res adjudicata? (3) Will the federal court follow the decision of the state court, because of the local nature of the controversy? (4) Is the plaintiff entitled to recover on the facts set out in the petition? (5) Has prescription barred the plaintiff's title?

[1] 1. In Georgia, a decision of the Supreme Court on appeal would be the law of the case thereafter in the state court. It would not be the law of a different case, in a different forum, between the same parties or their privies. "The doctrine of the law of the case in its customary sense does not run from state to federal juridiction * * * or conversely." Harrison v. Foley, 206 Fed. 57, 124 C. C. A. 191, and cases there cited.

[2] 2. In this case, there was never a final judgment unreversed in the state court. Two judgments in favor of the plaintiffs in the state court case were reversed by the Supreme Court, and after the second reversal the plaintiffs there voluntarily dismissed their case. To constitute res adjudicata, there must be a decision of the matter in a judgment that is final between the parties. In the case of Harrison v. Foley, supra, the Circuit Court of Appeals said of a like case:

"The appeal to the Supreme Court of Missouri was from an order of the state court * * * granting a new trial. When the Supreme Court affirmed the order, and held the evidence was not sufficient to prove a gift, the case went back for a new trial. If a retrial had been had in the first court, it would have been open to Mrs. Foley to strengthen her case, if she could; but, failing, the decision of the Supreme Court would have been binding as the law of the case, and would necessarily have resulted in her defeat. But when she dismissed the case there, and brought the present one in the federal court, the whole matter was at large. There was no judgment in the state courts which could be pleaded as res adjudicata, nor was the decision of the Supreme Court of the state a construction of a local statute or the establishment of a local rule of property."

[3] 3. The extent to which federal courts follow decisions of state courts in matters affecting real estate is settled by the Supreme Court of the United States in the case of Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 Sup. Ct. 140, 54 L. Ed. 228. The court said:

"Rules of law relating to real estate, so established by state decisions rendered before the rights of the parties accrued, as to have become rules of property and action, are accepted by the federal court; but where the law has not thus been settled it is the right and duty of the federal court to exercise its own judgment, as it always does in cases depending on doctrines of commercial law and general jurisprudence. * * * When determining the effect of conveyances or written instruments between private parties, citizens of different states, it is the right and duty of the federal court to exercise its own independent judgment, where no authoritative state decision had been rendered by the state court before the rights of the parties had accrued and become final."

The court also said that, even in cases where state court decisions were not binding, comity and the avoidance of confusion would induce the federal courts to lean towards state court decisions. In this case, no decision of the state court antedated the accrual of the rights of the parties, since the only decisions in the state courts grew out of the case, which involved the rights of the parties in these very transactions. From the nature of the decisions of the Supreme Court of Georgia, viz. that the evidence before the trial court in the particular case did not support the verdict, no rule of property could be predicated upon it. Harrison v. Foley, supra. We are therefore free to consider the questions presented uncontrolled by the decision of the Georgia Supreme Court, though according it persuasive influence.

[4] 4. The question for decision on the merits is the effect to be given a deed executed November 29, 1870, by Donald B. Jones, as trustee for his wife, Elizabeth J. Jones, purporting to convey title to the lands described in it to A. A. Roff for a recited consideration of $4,000, and signed by Donald B. Jones, trustee for his wife, E. J. Jones. Elizabeth J. Jones, as cestui que trust, indorsed on the deed her authorization to her husband and trustee to sell and make a deed to the land for the price stipulated. If this deed availed to convey the interest of the children of Elizabeth J. Jones to A. A. Roff, then plaintiff was without right to recover the lands. If it did not, then plaintiff, owning the interest of the children of Elizabeth J. Jones, was entitled to recover. Donald B. Jones, as trustee, acquired his interest in the land through a deed executed by Thomas A. Hunt, trustee for his wife, Louisa Hunt, to Donald B. Jones, trustee for his wife, Elizabeth J. Jones. This deed contained the following habendum clause:

"To have and to hold the aforesaid granted premises to the said Donald B. Jones, his heirs and assigns, in trust, nevertheless, for the sole and separate use of Elizabeth J. Jones, his wife, for and during her natural life, and after her death, with reversion to the said Donald B. Jones, or her heir or heirs at law, with power to the said Elizabeth J. Jones to empower the said Donald B. Jones, or any other trustee appointed under this instrument, by writing under her hand and seal to sell any part or the whole of said trust estate, and to reinvest the proceeds in such other property, subject to the trust, as he shall deem best for the interest of the trust estate."

Section 3754, Code of Georgia reads as follows:

"Where a trust deed, or other instrument, limits an estate in fee, for life or with remainders over, and in the same conveyance a power to sell, incumber, or otherwise dispose of the property is reserved or created, the power is to be construed to extend to a sale, incumbrance, or disposition of the fee, unless expressly or by necessary implication limited to a smaller estate."

Construing the language of the deed in connection with section 3754 of the Georgia Code, and the deed from Jones, trustee, to Roff, and the admitted averment of the petition that no consideration moved from Roff to Jones, or his wife, except the satisfaction of a debt of $4,000, due to Roff by a firm of which Jones was a member, the question is whether the deed from Jones to Roff divested the title of the remaindermen, who were the children of Elizabeth J. Jones. If it did not, the defendant, who was a voluntary grantee of Roff, is in no better attitude than Roff would have been.

In determining this question, it seems of little importance what estate the children of Elizabeth J. Jones secured under the trust deed from Hunt to Donald B. Jones. If the trust did not affect their estate in remainder, either because the language of the deed failed to create a trust, except in the life estate, and was sufficient to exclude the operation of section 3754 of the Code upon the power of sale, or because the children were contingent remaindermen, whose identity could not be determined until the falling in of the life estate, in that event, the title upon the death of Donald B. Jones during the life of his wife, and upon her subsequent death, would become vested in her children living at the time of her death, unaffected by the trust deed, and the plaintiff should therefore recover.

On the other hand, if the deed be construed as creating a trust estate in the remainders, as well as in the life estate, then the power of sale in the trustee, with the approval of the life tenant, would confer upon him the power to sell the entire fee, including the interest of the remaindermen, provided the sale was for the purpose of reinvestment for the benefit of the trust estate. This would also be true, regardless of the extent of the trust estate, if the language of the deed did not exclude the implication of section 3754; i. e., that the power of sale extended to the fee. In either case a proper exercise of the power would determine the interest of the remaindermen in the land and transfer it to the property in which the proceeds of the sale of the land were reinvested. However, it would be a condition of this result that the exercise of the power by the trustee was for the purpose of reinvestment for the benefit of the trust estate.

A sale for the benefit of the trustee individually, if that was known to the purchaser, would be an exercise of the power of sale, only to the extent of the interest of the trustee and his consenting wife. As to the nonassenting remaindermen, it would have no effect to divest their interest. The power of the trustee to sell, being limited in purpose, his act in selling for an unauthorized purpose, known to the purchaser, would be void as to nonassenting beneficiaries. If the petition truly states the facts, the only consideration Donald B. Jones got from Roff for the land, was the satisfaction of a debt due from him to Roff. As a

result of the sale, Jones got nothing to reinvest for the benefit of the trust estate. Roff knew this fact, for the debt was paid to him, and his grantees, including the defendant, having paid nothing for the land conveyed to them, are in like case with him. Cohen v. Parrish, 105 Ga. 359, 31 S. E. 205; Crowley v. Crouch, 114 Ga. 135, 39 S. E. 904.

Under any construction of the deed, with due deference to the opinion of the Supreme Court of Georgia, we think the deed from Jones to Roff did not divest the interest of the children of Elizabeth J. Jones as remaindermen, and that, after the death of Donald B. Jones during the life of his wife, and after her subsequent death, her children living at the time of her death became entitled to the land.

[5] 5. The defendant relies upon title by prescription. The deed by Donald B. Jones to Roff was executed November 29, 1870, and if the children of Elizabeth J. Jones then acquired a right to recover the land from the vendee, Roff, or thereafter from his successors in title, they are now barred by prescription. It is clear, however, that they had no right to sue for the recovery of the land during the life of the first reversioner, Donald B. Jones. During his lifetime their interest was contingent. The deed from Jones to Roff, assented to by Elizabeth J. Jones, conveyed her life estate to Roff, and, as long as she lived, under the rule in Georgia and most other jurisdictions, neither the trustee nor the remaindermen, even after the death of the first reversioner, had any right to sue for the possession of the land. The death of Elizabeth J. Jones did not occur until July 3, 1915, and prescription did not begin to run against the remaindermen until that date. City of Augusta v. Radcliffe, 66 Ga. 469; Satterfield v. Tate, 132 Ga. 264, 64 S. E. 60.

These conclusions require us to hold that the District Court erred in sustaining the general demurrer to the petition and in dismissing the petition, and the judgment of the District Court is accordingly reversed, and the cause remanded for further proceedings in conformity with this opinion; and it is so ordered.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes